DICK, *Trustee, Appellant*, v. THE FRANKLIN FIRE INSURANCE COMPANY OF PHILADELPHIA.

1. **Deed of Trust**: INSURABLE INTEREST OF TRUSTEE. A trustee in a deed of trust in the nature of a mortgage, has an insurable interest in the mortgaged property, distinct from that of the mortgageor.

2. ———: ———: CONVEYANCE BY MORTGAGEOR. A conveyance by the mortgageor in no way affects the trustee's right to insure his interest.

3. ———: ———: ASSIGNMENT: BENEFICIARY. Where the trustee insures his interest in the mortgaged property, and the policy stipulates that he shall, in case of a loss, assign to the insurer an interest

in the deed of trust equal to the amount of loss paid, provided such assignment shall, in no way, prejudice the beneficiary's claim in the trust to recover the full amount of his loan, and proper charges, the trustee cannot recover for a loss until he shall have performed his agreement to assign.

4. ———: ———: ———: SUBROGATION CLAUSE: RECOVERY. In such case the subrogation clause is material, and there can be no recovery against the insurer for a loss until this condition precedent is fulfilled, even though the mortgaged property is not worth the amount of the debt secured, less the amount the insured is liable to pay.

5. The insurance in this case is held to be of the interest of the trustee, and not of the mortgageor.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Glover & Shepley* for appellant.

The legal proposition to be discussed on this record is, that the circuit court and court of appeals misconstrued and misunderstood the legal effect of the subrogation clause of the policy, so-called, to the injury of the appellant. The subrogation clause is in these words: "It is hereby agreed that in case of loss, the assured shall assign to this company an interest in said deed of trust equal to the sum of loss paid under this policy; provided, the said assignment shall in no wise prejudice the assured's claim to recover the full amount of their loan and proper charges." The right of the insurance company to have an assignment under this agreement is conditional. Nothing more distinctly indicates a condition than the word "provided." The assignment is to be made only in case it will not prejudice the assured's recovery of their whole loan and charges. The clause distinctly contemplates the making of another instrument, besides the clause in the policy. It also contemplates that this second instrument is to be made after the loss is paid. As interpreted by the defendant, the subrogation clause, so called, is *felo de se*. A refusal by the assured to assign, is in

---

* These syllabi are taken from 10 Mo. App. 376.

no event, a bar to this action. If the refusal to assign was an injury to defendant in this case (which it was not), the defendant should have set it up as a counter-claim, or in mitigation of damages. In this contract one thing is pre-eminently fixed as its purpose, that is, that the assignment to be made, shall not prevent the assured from realizing their full amount of loan and charges. This is all the plaintiff needs to understand; nevertheless, it is possible that it contains something for the benefit of the insurer. If, when a loss has happened, the insurer can satisfy the assured of his receiving the full amount of his loan and charges, his right to the assignment is fixed, and if the property is not more than the loan and charges, perhaps the insurer could be allowed to purchase it at that sum, and look to the greater value of the property for reimbursement of insurance money paid. Perhaps it does not mean this; if so, it means nothing. In the absence of a subrogation clause, the law itself, does not give that right to the insurer, against the will of the mortgagee, especially where the mortgage debt is large and the insurance is small. See full discussion by Shaw, C. J., in *King v. Ins. Co.*, 7 Cush. p. 1. Wood Fire Ins., pp. 782, 786. The insurance company has received part of the consideration (the premiums) for its agreement to pay, the contingency has happened, and it ought not to be permitted to defend its failure to pay upon the ground of a refusal to assign. The subrogation clause (even if it were absolute) is not the whole consideration. 1 Chitty Pld. (16 Ed.) pp. 332, 333; *Grant v. Johnson*, 5 Barb. 161; Waterman on Set-off, § 805

*Noble & Orrick* for respondent.

On this record we assert the following propositions: 1. That the right to assignment of an interest in the deed of trust accrued upon payment of the loss, or an offer to pay, without qualification, and a refusal absolutely to assign at any time; and without such assignment, so demanded,

the plaintiffs had no right of action. *Foster v. Van Reed,* 70 N. Y. 19, overruling and reversing same case reported in 5 Hun 321, and relaxing the several text-writers standing heretofore on this supposed precedent. In subordination to this general proposition, the following may also be stated: (a) The interest of a trustee or mortgagee in an estate is entirely separate, as an insurable interest, from that of the grantor or mortgageor. *Carpenter v. Providence, etc., Co.,* 16 Pet. 495; *Foster v. Reed, supra; Excelsior, etc., Co. v. Royal, etc., Co.,* 55 N. Y. 343; *Honore v. Lamar Fire Ins. Co.,* 51 Ill. 409. (b) And in case of loss, the insurer having paid the mortgagee the amount of his debt, may be subrogated to the rights of the mortgagee; and where there is a stipulation for such subrogation as one of the conditions of the policy, there can be no doubt of its validity in every state. *Excelsior, etc. Stove Co. v. Royal Ins. Co.,* 55 N. Y. 359; *Cone v. Niagara, etc., Co.,* 60 N. Y. 624; *Ætna, etc., Co. v. Tyler,* 16 Wend. 385; *Springfield, etc., Co. v. Allen,* 43 N. Y. 392; *Hastings v. Westchester, etc., Co.,* 73 N. Y. 141; *McDonald v. Black,* 20 Ohio 185; *Honore v. Lamar Ins. Co., supra; Foster v. Van Reed, supra; Hall v. Railroad Co.,* 13 Wall. (U. S.) 367; *Sussex Ins. Co. v. Woodruff,* 26 N. J. 541; *Thornton v. Enterprise, etc., Co.,* 71 Pa. St. 234, 236; 2 Dutch. (N. J.) 541; (4 Bennett's F. I. C. 180;) *Carpenter v. Providence Ins. Co., supra;* 13 Mich. 99; 1 Lower Canada R. 222; 3 Doug. (E. C. L.) 63, 245; 2 Barn. & C. 254; 39 Me. 253; 25 Conn. 265; *Hart v. Western R. R. Co.,* 13 Met. (Mass.) 99; *Kernochan v. N. Y. Ins. Co.,* 3 Smith R. 428; Dixon on Subrogation, 151; *Croft v. Moore,* 9 Watts (Pa.) 451; 1 Barr 512; *Eddy v. Traver,* 6 Paige 521; 2 Phillips on Ins., 282; 2 Philadelphia R. 357; 21 N. J. Eq. 107; 3 Bennett's F. I. C. 186; 5 Bennett's F. I. C. 245; 5 Harris (Pa.) 258; 103 Mass. 219; 17 How. 152; May on Ins., §§ 456, 457, 458; Flanders on Fire Ins., 361. (c) Murdock, mortgageor, sold to Priest absolutely in 1873, and the policy sued on was not issued, originally, until 1874. A mortgageor selling his equity of redemption, would avoid the

policy by its very terms, if his interest were insured, and much less could he claim a policy to be for his benefit when it was made after he ceased to have any direct interest in property. *Carpenter v. Providence, etc., Co., supra; Grovenor v. Atlantic Fire Ins. Co..* 17 N. Y. 391. (d) The insurer is entitled to subrogation at the time of payment; and the offer of defendant to perform a present obligation, entitled defendant to demand the performance by plaintiffs of their duty to assign; and the absolute duty still persisted in, in the reply filed, bars the action. *Honore v. Lamar Fire Ins. Co., supra; Kame v. Hood,* 13 Pick. 281; May on Ins., p. 561; *Foster v. Van Reed, supra.*

NORTON, J.—On the trial of this cause in the circuit court of the city of St. Louis, judgment was rendered for the defendant, which, on appeal to the St. Louis court of appeals was affirmed, and the case is before us on plaintiff's appeal from the said judgment of affirmance.

It was held by the court of appeals that a trustee in a deed of trust in the nature of a mortgage, has an insurable interest in the mortgaged premises, distinct from that of the mortgageor, and that a conveyance by the mortgageor of his interest, in no way affects the trustee's right to insure his interest. It was also held, that when the trustee insures his interest in the mortgaged property, and the policy of insurance stipulates that he shall, in case of loss, assign to the insurer an interest in the deed of trust equal to the amount of loss paid, provided such assignment, shall in no way, prejudice the beneficiary's claim in the trust to recover the full amount of his loan and proper charges, the trustee cannot recover for a loss until he shall have performed his agreement to assign, and that in such case the subrogation clause is material, and there can be no recovery against the insurer till this condition is complied with, even though the mortgaged property is not worth the amount of the debt secured, less the amount the insured is liable to pay. It

was also held that the insurance in this case was of the interest of the trustee and not of the mortgageor.

The case is reported in 10 Mo. App. 376, where the court in an elaborate opinion delivered by Judge Thompson, sustains the above propositions, both by reason and abundant authorities therein cited. Being satisfied with the correctness of the conclusions arrived at by the court of appeals, for the reasons given in the opinion, which it is unnecessary here to repeat, the judgment is affirmed. All concur.