DAVID W. WING et al., Appellants, v. UNION CENTRAL LIFE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, November 11, 1912.

RES ADJUDICATA: First Action: Appeal: Merits. Plaintiff brought an action against a defendant by filing a petition which failed to state a cause of action. No objection was made on that account and the case was tried on the merits and judgment rendered for defendant. Plaintiff appealed to the appellate court and that court refused to examine into the merits of the case but affirmed the judgment on the ground that the petition was so defective as not to state a cause of action Plaintiff then brought a second suit wherein the petition properly stated a cause of action. *Held,* that the first action was not finally determined on the merits and that it was therefore no bar to the second.

Appeal from Cooper Circuit Court.—*Hon. John M. Williams,* Judge.

REVERSED AND REMANDED.

*John Cosgrove & D. W. Cosgrove* for appellants.

(1)   The appeal from the judgment with *superse-deas* in the former suit superseded the judgment until this court rendered its judgment.     Ketchum v. Thatcher, 12 Mo. App. 185; Young v. Thrasher, 61 Mo. App. 418; Choteau v. Rowse, 90 Mo. 191; Mason v. Railroad, 226 Mo. 224; Cohn v. Selman, 93 Mo. 574. (2)   The judgment in the former suit was not a final judgment until this court rendered its judgment therein, and as this court refused to examine the merits, because no cause of action was stated in the petition in that suit, the judgment was not on the merits and was not *res adjudicata* and not a bar to the cause of action stated in the petition in this suit.   State v. Keating, 223 Mo. 86; Garrett v. Greenwell, 92 Mo. 123.   (a) The judgment in the former suit in this cause was the same as if a judgment had been rendered upon a demurrer to defective pleading or other demurrable matter.   Bennett v. Bank, 61 Mo. App. 297.

*W. G.* and *G. T. Pendleton* for respondent.

Notwithstanding the defect in plaintiffs' petition, the trial court acquired jurisdiction to try the cause and to render a judgment upon the merits in the former action.     Jurisdiction to render an enforceable judgment does not depend upon the proper statement of a cause of action, but upon jurisdiction of the subject-matter of the suit and of the person of the defendant.   A petition which is essentially defective and would be held bad on demurrer may confer jurisdiction.   Freeman on Judgments, sec. 118; DeGraw v. DeGraw, 7 Mo. App. 121; Taylor v. Larkin, 12 Mo. 103; Rosenheim v. Hartsock, 90 Mo. 365.   That the case was not reviewed by the appellate court was the fault of the plaintiffs in presenting their case upon a defective petition.   Miller v. Bernecker, 46 Mo. 194. Where a case has been decided in the trial court upon

the merits and affirmed in the appellate court, it is available as *res judicata* though the judgment of affirmance in the appellate court was not upon the merits. Am. and Eng. Ency. of Law (2 Ed.), vol. 24, p. 796.

ELLISON, J.—Plaintiffs' action is to recover the statutory penalty allowed where a mortgagee fails and refuses to acknowledge satisfaction of a mortgage or deed of trust for thirty days after the debt has been paid and demand made for a release. The defense was made on the merits, as well as *res adjudicata*. The trial court rendered judgment for the defendant on the latter ground.

It appears that an action in the same controversy was heretofore instituted, and after a trial on the merits judgment was rendered for defendant. Plaintiff took an appeal to this court where the judgment was affirmed. [155 Mo. App. 356.] But this court refused to examine the case on the merits and decided the case for defendant on the ground that plaintiffs had not stated a cause of action in their petition and therefore were not entitled to a decision on the merits of their claim. The case presents this question: Can the plea of *res adjudicata* be maintained where a trial is had on the merits upon a petition which fails to state a cause of action, but upon which petition judgment is rendered on the merits and an appeal taken wherein the appellate court refuses to review the merits and affirms the judgment for the reason that the plaintiff has not pleaded a cause of action?

There is no doubt as to two propositions which directly concern this controversy: One is that if there has been an adjudication of the merits of an action and final judgment rendered, it is *res adjudicata* to a second action for the same matter. The other is that if there has not been a final adjudication of the

merits, but judgment given on demurrer, or otherwise, on the ground that no cause of action has been stated, another action for the same matter, on a petition curing the defects in the first one, is not barred by the first judgment.

This case presents the unusual feature of the merits having been heard and tried in the trial court in the first case, but refused a hearing on appeal in the appellate court, on the ground of a fatally defective petition, such defect not having been passed upon in the trial court. A litigant whose case is tried on the merits in a trial court has a right to a review of that trial on appeal. If he asserts that right by appealing, and his cause is disposed of in the appellate court by a refusal to investigate the merits, there has been no final adjudication of the merits, but a judgment rendered on the pleadings for a defect which may be remedied and there is nothing upon which to base a plea of *res adjudicata*. It is probably true that this court should have remanded the cause to the trial court with leave for plaintiffs to have amended their petition if desired. But certainly plaintiffs should not be barred by an asserted adjudication of the merits, when there was none, in the court where the case was transferred for final disposition.

It has been held by the Supreme Court that where a defendant was convicted of crime and the judgment reversed on appeal on the ground that the information was insufficient, the conviction would not bar a second prosecution. [State v. Keating, 223 Mo. 86.] It is true in that case the cause was remanded that the information might be amended; but we do not think our failure to remand is this case should deprive plaintiffs of their right to such a trial on the merits as will be reviewed on the merits on appeal. "Parties should not be concluded upon questions which are decided by mere implication arising from the general

disposition of the case, or those which were merely collateral to the matter actually considered." [Gwin v. Waggoner, 116 Mo. 143, 152.]

In Taylor v. Larkin, 12 Mo. 103, a plaintiff was defeated in a suit on a nonnegotiable promissory note for the reason that the indorsement was in blank. A proper indorsement was secured and another action instituted. It was held that as the first judgment was not on the merits, it was not a bar to the second. The court stated that if the first trial "went on a technical defect," the judgment was no bar to a future action. In that case a remark appears, upon which defendant relies, that there may be a judgment sufficient to constitute a bar "though the declaration were essentially defective so that it would have been adjudged bad on demurrer." That remark had reference to a judgment on the merits, not appealed from; that is, the losing party acquiesced in the judgment against him. It is said in 24 Am. and Eng. Ency. of Law (2 Ed.), 800, that: "It is equally well settled, however, that if the plaintiff fails on demurrer in the first action from the omission of an essential allegation in his declaration, which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to inforce the same right; for the reason that the merits of the cause as disclosed in the second declaration were not heard and decided in the first action."

In practical effect the former judgment, on account of the disposition made of the case on appeal, was no more than a nonsuit, as in Taylor v. Larkin, and a judgment of nonsuit, though a complete determination of the cause, is not a judgment on the merits and will not bar a second action. [Wiethaupt v. St. Louis, 158 Mo. 655.]

The judgment is reversed and cause remanded. All concur.