B. F. JULIAN, Doing Business Under the Name of MARSHFIELD SUPPLY COMPANY, Respondent, v. P. R. DAVIS, et al., Appellants.*

Springfield Court of Appeals, February 27, 1924.

INSURANCE: Warehousemen not Required to Credit Proceeds of Insurance on Stored Property Against Amount of Lien Thereon for

Julian v. Davis.

Price of Supplies Sold to Bailor. Where canned tomatoes were stored in a warehouse belonging to one who had a lien on the stored tomatoes for supplies furnished and used in canning, and where the warehouseman and lienor, to protect his interest, insured such goods, *held*, that after their destruction by fire he was not required to credit the proceeds of his insurance against the amount due him from the owner for the supplies furnished, because plaintiff occupied the position of a mortgagee and had the lawful right to insure his interest, and defendants, occupying the position of mortgagor, are not entitled to have the proceeds of the insurance held by the plaintiff mortgagee applied towards the extinguishment of the debt for the purchase price.

*Headnote 1. Fire Insurance, 26 C. J. section 589.

Appeal from Webster County Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*Seth V. Conrad* and *Hamlin & Hamlin* for appellants.

(a) The plaintiff concealed the facts, and denied them under oath, and it was only by chance that the defendants learned the truth about the same. The court found as a matter of law that the plaintiff held a policy of fire insurance of the value of $2000, upon his property in said warehouse and upon tomatoes stored or consigned therein, the affidavit of the vice-president of the Canners Insurance Company shows that said company paid the plaintiff $14,975.82 on plaintiff's interest on "assured interest" in $18,218 worth of canned goods held by assured as guarantee of payment of accounts. Under the laws as declared by the court, and the facts as disclosed by this affidavit which are undisputed, the motion should have been sustained. O'Keefe Bros. Grocery Company v. Northwest National Insurance Company, 176 S. W. 1055.

*J. E. Haymes, Allen & Allen* and *Haymes & Dickey* for respondent.

(a) The granting of a new trial because of newly discovered evidence rests for the most part within the

sound discretion of the trial court, and any doubt as to whether its discretion has been soundly exercised has to be resolved in favor of its ruling. Cook v. St. Louis & Keokuk R. R. Co., 56 Mo. 380; MacCallum v. Wilson Printing Co., 221 S. W. 158. (b) The rule has long been established in this State that motions for new trial on the ground of newly discovered evidence should be strictly construed, and granted only in exceptional cases. They should be discouraged. MacCallum v. Wilson Printing Co., 221 S. W. 158; Adam-Roth Grocery Co. v. Hotel Monticello Co., 183 Mo. App. 429. (c) A party should be held to the strictest accountability for a failure to ferret out, previous to the trial, the proof necessary to sustain his case. Miller v. Whitson, 40 Mo. 103; Formento v. Hines, 225 S. W. 104. Diligence is a primary condition precedent to the granting of a new trial on the ground of newly discovered evidence. Devoy v. St. Louis Transit Co., 192 Mo. 197; Mahony v. Kansas City Rys. Co., 228 S. W. 825. (d) To obtain a new trial on the ground of newly discovered evidence it must be shown that such evidence is so material that it would probably produce a different result, if a new trial were granted, and that it does not merely impeach the character or credit of a witness. Sang v. St. Louis, 262 Mo. 467. (e) In this case the alleged newly discovered evidence could not change the result because: When a mortgagee (or lienholder) insures his own interest, without any agreement between him and the mortgagor therefor, or does not insure it at the cost of the mortgagor, and a loss occurs, the mortgagor is not entitled to have the sum paid upon such loss applied in reducing the mortgage debt, but the mortgagee is entitled to recover the whole amount due. McDowell v. Morath, 64 Mo. App. 298; Dick v. Franklin Fire Ins. Co., 10 Mo. App. 376, 384; Dick v. Franklin Fire Ins. Co., 81 Mo. 103; 26 Corpus Juris, pages 441, 442, sec. 589.

BRADLEY, J.—Plaintiff sued to recover on an account of $2015.12. A judgment was given for $1850, and defendants appealed.

The defense was that plaintiff carried and collected certain fire insurance which should be applied as payment on the account sued for. The only point raised on this appeal is that the court erred in failing to grant defendants a new trial on the ground of newly discovered evidence.

Plaintiff under the name of the Marshfield Supply Company was engaged in selling supplies used in growing and canning tomatoes, and also in buying and selling canned tomatoes. Defendants were engaged in canning tomatoes, and purchased supplies from plaintiff to the amount sued for. Plaintiff had a warehouse in which supplies and canned tomatoes were kept, his own as well as others who might store their tomatoes in said warehouse. Before selling the supplies sued for, plaintiff and defendants entered into a written contract whereby it was agreed that plaintiff would have a lien on the supplies sold for the purchase price; and also an additional lien on the tomatoes packed in the cans sold by plaintiff to defendants, and that said lien would continue until the supplies were paid for. The contract provided for the sale of canned tomatoes by defendants and the application of a part of the proceeds on the account. It also provided that if any part of the account remained unpaid after October 25, 1920, then defendants were to deliver to plaintiff's warehouse not less than three dozen cans of standard number three canned tomatoes for each dollars of said account remaining unpaid. Defendants were to pay the storage, and plaintiff was "to have the same lien remedy for storage as for the original purchase price." It was provided in the contract that the canned tomatoes stored in plaintiff's warehouse were to remain the property of defendants, and remain subject to plaintiff's lien for the purchase price, and were to be kept insured by defendants for the benefit of plaintiff.

Plaintiff's warehouse was destroyed by fire, and at the time of the fire defendants had stored therein canned tomatoes amounting in value to $2480.34, upon which defendants had a policy af insurance for $2000 in which policy plaintiff's lien was recognized and provided for

by the usual loss payable clause. This insurance was paid. Plaintiff also carried insurance, and defendants contend that the insurance carried by plaintiff covered the destroyed property of defendants, and that the amount of insurance collected by plaintiff on defendants' property should be credited on the account. At the trial plaintiff in effect contended that the insurance he had amounting to about $24,000 covered only his own property, and did not cover defendants'; but it was shown that plaintiff had and collected one policy of $2000 which did cover canned goods held "for storage," and plaintiff requested an instruction allowing defendants a *pro rata* credit because of this policy, and this credit was allowed as is shown by the amount of the verdict.

Defendants in their motion for a new trial alleged as newly discovered evidence that the insurance which plaintiff carried in the Canners Exchange Insurance Company upon which it is alleged plaintiff collected $22,000, provided for and covered goods placed in storage as were defendants' tomatoes. The trial court overruled the motion for a new trial, but upon what ground does not appear. Plaintiff contends in effect that the action of the trial court in overruling the motion for a new trial may be sustained on three grounds: (1) That the policies in the Canners Exchange did not cover defendants' destroyed property; (2) that if the policies in fact covered defendants' canned goods stored defendants did not make such showing as would entitle them to a new trial on the ground of newly discovered evidence; and (3) that if the policies in the Canners Exchange did cover defendants' goods that plaintiff, having a lien thereon, had a right to have them insured, and that he is not compelled to apply the proceeds of the insurance in such case on the account sued on.

We are of the opinion that the third ground is sufficient to support the action of the trial court in overruling the motion for a new trial, and it is not necessary to consider the others. In considering this ground we assume that the policies in the Canners Exchange did in fact

214 M. A.—34.

cover defendants' canned goods that were stored in plaintiff's warehouse and destroyed by fire. It is conceded that plaintiff had a lien on these goods for $2015.12. There were several policies in the Canners Exchange, all alike, and aggregating about $22,000. Plaintiff paid the premiums. There was no agreement whereby plaintiff was bound to keep the goods insured for the benefit of defendants. Plaintiff occupied the position of a mortgagee, and had the lawful right to insure his interest, and defendants, who occupy the position of mortgagor, are not entitled to have the proceeds of the insurance held by the plaintiff mortgagee applied towards the extinguishment of the debt for the purchase price. [McDowell v. Morath, 64 Mo. App. 290; Rutherford v. Sample, 186 Mo. App. 469, 171 S. W. 578; Dick v. Franklin Fire Ins. Co., 10 Mo. App. 376, Id. 81 Mo. 103.]

Plaintiff conceded more than the law required in his instruction allowing a *pro rata* credit because of the policy in evidence at the trial which covered stored goods. The judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.