B. F. JULIAN, DOING BUSINESS AS MARSHFIELD SUPPLY COMPANY, RESPONDENT, v. COMMERCIAL ASSURANCE COMPANY, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed January 8, 1926.

**1.—Evidence—Judicial Notice—Court of Appeals—Former Opinion.** Court of Appeals will take judicial notice of record of former opinion on file therein.

**2.—Judgment—Res Adjudicata—Dismissal as to Party in Former Action.** Where, after fire had destroyed goods stored in plaintiff's warehouse, plaintiff began action on account against owner and insurer, in which action insurer was in effect a garnishee and not a necessary party, and dismissal was had as to insurer, and judgment obtained against owner, **held,** that such dismissal was not **res adjudicata** as to issues in later action against insurer in nature of garnishment.

**3.—Courts—Priority of Jurisdiction—Circuit Courts.** Question of priority of jurisdiction of two circuit courts will be determined as from date of filing original petition and issuance of process, provided such petition and cause of action stated in it were not abandoned.

**4.—Same—Same—Same.** When two courts have co-ordinate jurisdiction, the one whose jurisdiction first attaches will retain it and proceed to final judgment regardless or the action of the other.

**5.—Judgment—Judgment Obtained in Another Court Held Not a Bar.** Insurer, who, after action in nature of garnishment had been started against it, procured judgment in another county against owner, cannot set up judgment as a bar to such garnishment proceedings.

**6.—Insurance—Evidence of Knowledge of Agent Held too Meager.** Evidence that agent of insurance company had knowledge before fire of third party's interest in property **held** too meager and indefinite to be substantial.

**7.—Same—Breach of Condition of Policy Held Waived by Insurer.** Defendant insurance company, which, after having received knowledge of lien of third person on property insured, did not return, or offer to return, premium to insured, and which made settlement with insured after loss, **held** to have waived breach of condition of unconditional ownership of property insured.

---

*Corpus Juris-Cyc. References: Courts, 15CJ, p. 1134, n. 58; p. 1135, n. 59. Evidence, 23CJ, p. 109, n. 89; p. 111, n. 21. Fire Insurance, 26CJ, p. 323, n. 92; p. 325, n. 24; p. 338, n. 17, 18; p. 539, n. 75; p. 544, n. 29. Judgments, 34CJ, p. 768, n. 7; p. 792, n. 20.

Appeal from the Circuit Court of Greene County.—Hon. Guy D. Kirby, Judge.

AFFIRMED.

*W. C. Irwin* of Jefferson City, and *F. M. McDavid,* of Springfield, for appellant.

Plaintiff's original petition in Webster county, wherein suit was brought on the contract against these same defendants, and the petition having been adjudged insufficient as to this defendant, and the plaintiff having failed to amend, this defendant was entitled to a final judgment and discharge. Conn. Mutual Insurance Co. v. Smith, 117 Mo. 261, 296; Core v. Sipes, 280 Mo. 120-122; 21 Ruling Case Law, p. 529; 15 Ruling Case Law, p. 986; Land Mfg. Co. v. Realty Co., 205 Mo. App. 482; Greenebaum v. Elliott, 60 Mo. 25; Donnell v. Wright, 147 Mo. 639; Spratt v. Early, 199 Mo. 491. The filing of a petition alone against the Commercial Union Assurance Company and thereafter filing a subsequent amended petition whereby Davis

& Robinson were made the substantial parties thereto, and wherein a different remedy was asked, was the abandonment of the original suit. Hall v. School District, 36 Mo. App. 21; Courtney v. Sheeley, 38 Mo. App. 290; Pratt v. Walther, 42 Mo. App. 491; Mineral Belt Bank v. Elkins Lead Co., 170 Mo. 224. The institution of a suit in the Webster County Circuit Court against Davis, Robinson and this defendant, on the same contract for canners supplies made between the plaintiff and Davis & Robinson, and the court having sustained a demurrer as to this defendant, and the plaintiff having proceeded to final judgment before a jury and obtained only a money judgment against Davis & Robinson, such judgment became final both as to parties and subject-matter, and plaintiff could not thereafter sue in equity on the same contract or seek a relief which he did not seek in that action. Land Mfg. Co. v. Realty Co., 205 Mo. App. 482; Greenebaum v. Elliott, 60 Mo. 25; Spratt v. Early, 199 Mo. 491; McLure v. Bank, 263 Mo. 128; City of St. Louis v. United Ry., 263 Mo. 425; Donnell v. Wright, 147 Mo. 647. The judgment rendered in the city of St. Louis against Davis & Robinson, and in favor of this appellant, on the policy of insurance here sued upon, is *res adjudicata* as to the right of any one thereunder. Young v. Byrd, 124 Mo. 598; Wager v. Ins. Co., 150 U. S. 99; Case v. Sipes, 280 Mo. 120; State ex rel. Patton, 271 Mo. 559; Leslie v. Carter, 268 Mo. 428; State ex rel. Mining Co., 262 Mo. 501; Spratt v. Early, 199 Mo. 500; Donnell v. Wright, 147 Mo. 647; Hartford Life Ins. Co. v. Ibs, 237 U. S. 673; Boas v. Branch, 208 S. W. 86. The eighth and eleventh clauses of the contract sued upon show conclusively that the insured was not the sole and unconditional owner of the property insured, and hence the policy was void in the hands of Davis & Robinson, and the plaintiff could have no greater rights than the insured themselves. "The contract for fire insurance is one of indemnity to the insured and does not extend to any other person or interest without language in or on the policy consenting to the same. The interest must be completely vested in the insured, not conditional, or contingent, nor for years, nor for life only, nor in common, but of such a nature that the insured must sustain the entire loss if the property is destroyed, and this is so whether the title is legal or equitable. Overton v. American Central Ins., 79 Mo. App. 1; Bernard v. National Ins. Co., 27 Mo. App. 26; Grigsby v. German Ins. Co., 40 Mo. App. 276; Cole v. Niagara Fire Ins., 134 S. W. 569; Daugherty v. German American, 67 Mo. App. 526; Ramer v. American Central, 70 Mo. App. 47.

*Haymes & Dickey*, of Springfield, and *J. E. Haymes*, of Marchfield, for respondent.

(1) The order of court sustaining defendant's motion to dismiss plaintiff's petition as to defendant Commercial Assurance Company, in the first suit brought against Davis & Robinson and Commercial Assurance Company, which suit was based on the contract for the purchase of canning factory supplies from plaintiff, by said Davis & Robinson was in effect merely a nonsuit and did not entitle defendant Commercial Assurance Company Ltd., to a final judgment and discharge, because: (a) The rule is that dismissal of a suit will not operate as a bar to a new action, unless there has been an examination and adjudication of the merits. Wells v. Moore, 49 Mo. 229; Bennett v. Southern Bank, 61 Mo. App. 297; Shanklin v. Wetzler, 67 Mo. App. 457; Swing v. Karges Furniture Co., 150 Mo. App. 574; Wilson v. Hartford Fire Ins. Co., 254 S. W. 266; Wing v. Cen.. Life Ins. Co., 167 Mo. App. 14. (b) Where it does not appear by the record upon what grounds a bill was dismissed, whether upon the merits or upon some of the special causes of demurrer not involving the merits and no extrinsic evidence is furnished, showing the precise point involved and decided, the whole subject-matter is open to new contention. Chrisman v. Harman, 26 Am. Rep. 387; Laing v. Price, 83 S. E. 497; Kirsch v. Kirsch, 45 Pac. 164; Murphy v. Creath, 26 Mo. App. 586; Clemens v. Murphy, 40 Mo. 122; Wright v. Salisbury, 46 Mo. 26. (c) Where a demurrer goes both to defects of form and also the merits, a judgment thereon not designating between the two grounds will be presumed to rest on the former. Motes v. Gila Valley G. & N. R., 89 Pac. 410; Griffin v. Seymour, 83 Amer. Dec. 396; Goldsborough v. Hewitt, 99 Pac. 907. (2) The filing of the amended petition adding Davis & Robinson as parties defendant was not an abandonment of the original petition, but was such an amendment as was authorized by statute. Sec. 1274, R. S. 1919; State ex rel. Bank v. Bourne et al., 151 Mo. App. 104; Rippie v. Railroad, 154 Mo. 358. (3) The first suit instituted and tried in Webster County wherein defendant Commercial Assurance Company was at first made a party defendant but in which the petition on motion to dismiss was later dismissed as to said defendant was merely a suit on a contract for debt against Davis & Robinson in which a money judgment was obtained against them. This suit is not a suit on the same contract and is not a suit for debt, but is a suit in the nature of a creditor's bill wherein it is sought to collect the judgment already obtained by having an equitable lien declared in favor of the plaintiff on the proceeds of the insurance policy taken out by Davis & Robinson who are insolvent on goods which they had contracted to keep insured for the benefit of the plaintiff and on which plaintiff had a lien. Therefore—(a) The doctrine of *res adjudicata* does not apply for the same issues were not involved in the two suits. Scheurich v. Empire Dist. Elec. Co., 188 S. W. 114; Runnels v. Lasswell, 219 S.

W. 980; Burnham, Munger & Co. v. Smith, 82 Mo. App. 35; Chapman v. Chapman, 269 Mo. 663.    (b)    There was no splitting of plaintiff's cause of action, but two entirely different suits, one for debt and one for collection of a judgment, by the establishment of an equitable lien.  O'Malley v. Musick, 191 Mo. App. 405; Danciger et al. v. Amer. Express Co., 192 Mo. App. 106.    (4) The judgment rendered in the city of St. Louis against Davis & Robinson and in favor of Commercial Assurance Company on the insurance policy involved in this suit was not *res adjudicata* as to the rights of this plaintiff.    (a)    Because said suit was filed in the city of St. Louis and judgment obtained after all parties thereto were notified of the rights of this plaintiff in the proceeds of said insurance policy (even after this present suit had been filed and summons served) and was fraudulently conceived and consummated for the sole purpose of preventing this plaintiff from securing any part of the proceeds of said policy to which they knew he was justly entitled.   Cromwell v. The Brooklyn Fire Ins. Co., 44 N. Y. 42; Ellis v. Kreutzinger, 27 Mo. 311.    (b)    While a judgment of a court having jurisdiction of the parties and the subject-matter is conclusive as to the parties to the suit, said judgment can be collaterally attacked by a stranger to the proceeding.   The plaintiff herein was a stranger to the suit filed in St. Louis.   Callahan, Adm., v. Griswold, 9 Mo. 784, 792; Myers v. Miller, 55 Mo. App. 338; Russell v. Grant, 122 Mo. 161, 180; McIntire v. St. Louis and San Francisco R. R., 227 S. W. 1047; Abington v. Townsend, 271 Mo. 615.    (5)    While Davis & Robinson were not the sole and unconditional owners of the goods insured in the policy issued by defendant Commercial Assurance Company as they represented themselves to be, still the policy was not void: (a) Because the defendant Commercial Assurance Company was notified of plaintiff's interest in the insured goods before the fire and retained the insurance premium and did not cancel the policy.    3 Cooley's Brief on Insurance, page 2665; Pelkington et al. v. National Ins. Co., 55 Mo. 172; Cromwell v. Phoenix Ins. Co., 47 Mo. App. 109; Nute v. Hartford Fire Ins. Co., 109 Mo. App. 585; Gold Issue Mining and Milling Co. v. Penn. Fire Ins. Co., 267 Mo. 602, 604, 605. (b)    Because the defendant Commercial Assurance Company was notified again of plaintiff's interest in the insured goods after the fire, but before Davis & Robinson had made their proofs of loss, but notwithstanding such notification, thereafter paid Davis & Robinson the sum of $1,000 on said policy.   Pearman v. Farmers Mutual Fire Ins. Co., 214 S. W. 292; Hayden v. American Central Ins. Co., 221 S. W. 437.

BRADLEY, J.—This cause, in the nature of an equitable garnishment was filed in Webster county, but the venue was changed to

Greene where trial was had resulting in a judgment in favor of plaintiff and the defendant Commercial Assurance Company appealed.

The petition was filed originally against the insurance company only, but P. R. Davis and Dan Robinson were later made parties defendant. The insurance company and Davis contested, but Robinson did not. The insurance company alone appealed.

September 26, 1921, plaintiff filed the original petition in this cause against the defendant insurance company wherein he alleged: (1) That he was, on all the dates mentioned, engaged in the business of selling cans, soldering flux, tomato cases, tomato seed, fertilizer, and all supplies used in growing and canning tomatoes and that on the — day of———, 1920, he entered into a contract with P. R. Davis and Dan Robinson who were growing and canning tomatoes under the name of Davis & Robinson by which contract he agreed to furnish Davis & Robinson such supplies as they might need in growing and canning tomatoes during the 1920 season.

(2) That by the terms of said contract plaintiff was to have a lien upon the tomatoes canned by Davis & Robinson during the 1920 season until the purchase price of all supplies furnished was paid, and that the canned tomatoes of Davis & Robinson should be stored in plaintiff's warehouse until sold, and that said tomatoes should be kept insured for the benefit of plaintiff until the supplies furnished were paid for.

(3) Plaintiff further alleged that Davis & Robinson during the 1920 season canned a large amount of tomatoes using cans and other supplies of the value of $1850 furnished by him under the contract, and that said canned tomatoes were stored in plaintiff's warehouse as was agreed, and that Davis & Robinson caused said stored tomatoes to be insured in defendant insurance company in the sum of $2000, but that no mention was made in the policy of plaintiff's interest in and lien upon said stored tomatoes although the agents of defendant know at the time that plaintiff held a lien upon said tomatoes.

(4) That plaintiff brought suit against Davis & Robinson in the circuit court of Webster county upon the account due for the supplies furnished, and on September 24, 1921, obtained judgment against said Davis & Robinson for $1850, but that execution thereon was suspended pending a motion for a new trial.

(5) That the aforesaid canned tomatoes were destroyed by fire on May 13, 1921, but that the insurance above mentioned has not been paid, and that due proof of loss has been made by Davis & Robinson, and that Davis & Robinson were insolvent.

The prayer of the original petition is as follows:

"Wherefore plaintiff prays that he be subrogated to all the rights of said Davis & Robinson in and to the aforesaid policy of fire in-

surance issued to them by the said defendant, and that said defendant be enjoined and restrained from paying same to the said Davis & Robinson, or either of the members of said firm, or to any other person, or persons, firm or corporation to whom they may have assigned their interest therein, and that they (the insurance company) by proper order and decree of this court be required to pay same to plaintiff, or so much thereof as may be necessary to satisfy and discharge the aforesaid judgment, and for all proper relief.''

Upon the petition, supra, summons issued on September 27, 1921, and was served upon the insurance company September 28th. Nothing further was done until the next term. January 23, 1922, P. R. Davis and Dan Robinson were made parties defendant on motion of plaintiff, and on same day plaintiff was given leave to file an amended petition on or before the last day of the March term, 1922. Thereafter on February 14, 1922, plaintiff filed an amended petition wherein the insurance company, P. R. Davis and Dan Robinson were named as defendants. The first three paragraphs of the amended petition are almost identical with the first three paragraphs of the original petition. The 4th paragraph of the amended petition contains the same allegations as does the 4th paragraph of the original except in the original it is alleged that a motion for a new trial was pending in another suit and in the amended petition it is alleged that the other cause had been appealed.

In the 5th paragraph of the amended petition it is alleged that the aforesaid canned tomatoes were destroyed by fire on May 13, 1921, and due proof of loss made, but that the defendant insurance company had not paid the insurance thereon, and refused to pay plaintiff said insurance or recognize that he had any rights in said insurance, and that defendants Davis & Robinson denied that plaintiff was entitled to said insurance or any part thereof. Plaintiff also alleges in the 5th paragraph of the amended petition that Davis & Robinson were insolvent. The prayer of the amended petition is the same in effect as the prayer of the original petition.

February 27, 1922, a summons in garnishment was issued out of the circuit court of Webster county against the defendant insurance company, and was served, but the date of service does not appear. May 8, 1922, the venue of the cause was changed from Webster to Greene county. August 9, 1923, plaintiff filed what is designated as the ''first amended petition,'' which was in two counts. This petition was in fact the second amended petition. The insurance company and Davis & Robinson were named as defendants as in the first amended petition.

The allegations in the first count of the second amended petition are substantially the same as in the first amended petition. The

last paragraph and prayer of the first count of the second amended petition are as follows:

"That plaintiff has no remedy at law and that in equity and good conscience defendants should not be permitted to settle and appropriate to their use the insurance fund when this plaintiff is equitably entitled to said fund or so much thereof as may be necessary to pay the judgment obtained against defendants, Davis & Robinson, as above set forth.

Wherefore, plaintiff prays the court that said insurance fund be declared a trust fund and that defendant, Commercial Assurance Company, Ltd. of London, be enjoined and restrained from paying same to defendants, Davis & Robinson, or either of them or to anyone to whom they may claim to have assigned any interest in the same; that plaintiff be decreed to have an equitable lien on said fund to the amount of his aforesaid judgment against defendants, Davis & Robinson, and be subrogated to all the rights of said defendants, Davis & Robinson, in and to the aforesaid policy of fire insurance and that so much of the proceeds thereof as may be necessary to satisfy and discharge said above-mentioned judgment be decreed to be paid to this plaintiff."

The second count of the second amended petition is in substance the same as the first count thereof, except in one paragraph there are some additional allegations, and the prayer of the second count asks for an equitable garnishment. The paragraph mentioned and prayer of the second count are as follows:

"That defendants, Davis & Robinson, are now and at the time of the filing of this suit were insolvent as this plaintiff verily believes and have no property in this State upon which an execution or other process could be levied and plaintiff knows of no other person, other than defendant, Commercial Assurance Co. Ltd. of London, who is indebted to defendants, or whom he can cause to be summoned as garnishee of said defendants and unless this plaintiff can collect the judgment obtained as aforesaid against said defendants, Davis & Robinson, out of the proceeds of said insurance policy this plaintiff will absolutely be unable to collect said judgment.

Wherefore, plaintiff prays the court for an equitable garnishment of the money due defendants, Davis & Robinson, from defendant Commercial Assurance Co., Ltd., of London, as above set forth, and that said money be impounded and all or so much thereof as may be necessary to satisfy and discharge the judgment obtained by this plaintiff against defendants, Davis & Robinson, be ordered paid to this plaintiff by defendants, Commercial Assurance Co., Ltd., of London, and for such other and further relief as to the court may seem equitable and just."

September 23, 1923, defendant insurance company filed a demurrer to the second amended petition, the grounds of which demurrer, so far as necessary to mention, are in substance as follows: (1) Because the petition shows upon its face that the matter now sought to be litigated has been previously litigated in an action between plaintiff and defendants Davis & Robinson and is *res adjudicata;* (2) because plaintiff instituted a suit in Webster county on the contract between plaintiff and Davis & Robinson, and reduced the claim to a judgment, and cannot now enforce either in law or equity, any right which plaintiff failed to assert in the suit mentioned: (3) because plaintiff instituted a suit in the circuit court of Webster county wherein these defendants were joined in a single cause of action upon the same policy of insurance and the same contract upon which he is now undertaking to recover judgment, and that this defendant (the insurance company) demurred to the petition filed in said cause, which demurrer was sustained and no appeal taken therefrom, and that by reason thereof plaintiff is now barred from prosecuting this action. The demurrer was overruled, but on what date is not shown. December 15, 1924, the defendants, insurance company and Davis, filed separate answers, but defendant Robinson filed no answer.

Defendant insurance company's answer is in substance as follows: It admitted the issuance of the policy for $2000 to Davis & Robinson; admitted that the insured tomatoes were partially destroyed by fire, but denied that they were wholly destroyed, and alleged that Davis & Robinson made proofs of loss wherein they represented that they were the sole owners, and that no other person had any interest in or lien upon said tomatoes, and denied that at the time said policy was issued it had any knowledge that Davis & Robinson had entered into a contract with plaintiff whereby they had agreed to insure the tomatoes for plaintiff's benefit.

Further answering defendant insurance company pleaded a provision of the policy whereby it is provided that the policy shall be void if the insured has concealed or misrepresented any material fact concerning the subject of insurance, or if the interest of the insured is not correctly stated, or in case of any fraud or false swearing touching any matter relating to the insurance whether before or after loss, and it is alleged that these conditions were breached, and that the policy because thereof became void.

Defendant insurance company also pleads two former judgments as a bar to the cause now before us. We will state the facts concerning these judgments in connection with the disposition of the assignments based thereon.

We do not consider it necessary to speak further concerning the defense made by defendant Davis, and shall not further refer to it.

Hereinafter when we use the term defendant we have reference to the defendant insurance company unless otherwise stated.

The defendant makes many separate assignments, but all are in effect included in the assignment based on the refusal of its demurrer at the close of the whole case. This assignment may be considered under two heads: (1) Are the judgments pleaded, or either of them, a bar to this cause? (2) Has the defendant waived the defense of misrepresentation as to unconditional ownership?

The defendant pleads two judgments in bar. The first one was had in Webster county, and the second one in St. Louis. We will first consider the Webster county case. June 22, 1921, a month and 9 days after the fire.herein mentioned, plaintiff filed a petition in the circuit court of Webster county wherein he made defendants all of the parties defendant in the cause at bar, and in addition named the Citizens Bank of Marshfield as a party defendant. On the same day, June 22nd, and (as we infer) before process issued, plaintiff filed an amended petition naming as defendants all the defendants in the cause at bar, but eliminated the Citizens Bank as a party defendant. It seems that the bank was made a defendant on the theory that the insurance policy now at bar had been collected and that the proceeds were then in the Citizens Bank. In the amended petition filed in that cause plaintiff alleged: (1) That he was engaged in the business of selling cans, soldering flux, tomato cases, tomato seed, fertilizer and all supplies used in growing and canning tomatoes and that P. R. Davis and Dan Robinson were upon all the dates mentioned engaged in growing and canning tomatoes.

(2) That on or about March 26, 1920, plaintiff and defendants Davis & Robinson entered into a written contract, a copy of which was filed, by which contract plaintiff agreed to furnish Davis & Robinson such supplies as they might need in growing and canning tomatoes during the 1920 season, and that Davis & Robinson purchased from plaintiff said supplies, that it was agreed in said contract that plaintiff should have a first lien upon said supplies furnished until the purchase price was paid.

(3) That is was further provided in said contract that the tomatoes canned by Davis & Robinson were to be stored in plaintiff's warehouse and that the storage charges should constitute a lien upon said canned tomatoes in the same manner and to the same extent as the lien for supplies.

(4) That it was further agreed in said contract that the tomatoes so stored were to be insured for the benefit of plaintiff, and that said insurance should be kept in full force until plaintiff was fully paid for said supplies and storage and all interest due on the account.

(5) That Davis & Robinson canned during the 1920 season a large amount of tomatoes, using the cans, cases and other supplies

furnished by plaintiff under the contract, and that said canned tomatoes were stored in plaintiff's warehouse, and were destroyed by fire on May 13, 1921.

(6)     That Davis & Robinson caused said stored tomatoes to be insured with defendant insurance company in the sum of $2000 taking the policy in the name of Davis & Robinson without mention of plaintiff's lien, and that said Davis & Robinson when said policy was issued and at the time of the fire and then were indebted to plaintiff in the sum of $2015.12 for supplies furnished under the contract and for storage and for interest on said account "as same will more fully and particularly appear by the itemized statement of said account hereto attached, and for which sum plaintiff held a first lien upon said canned tomatoes so destroyed by said fire."

(7)     That Davis & Robinson now refuse to recognize plaintiff's rights to the proceeds of said insurance policy and declare their intention of collecting said insurance in their own name and deny any liability to plaintiff on account thereof.

The prayer of this petition is as follows:

"Wherefore, plaintiff prays judgment against said defendant Davis & Robinson in the sum of $2015.12 and that he have judgment against said insurance company in the sum of $2000, the amount of said policy, and that said insurance company be enjoined and restrained from paying said insurance to said Davis & Robinson, and that they be by order of court required to pay same to plaintiff, and that the judgment against Davis & Robinson be declared to be a special lien upon the proceeds of said insurance policy, and for all proper relief."

On this petition ordinary summons issued, as we infer, and was served upon the defendant insurance company June 27, 1921. No further steps were taken in that cause, so far as appears, until September 23, 1921, at which time defendant insurance company appeared and filed a motion to dismiss as to it. The grounds of this motion as stated therein are as follows:

(1)     Because said petition states no cause of action against the defendant.

(2)     Because the plaintiff is not a party to the contract of insurance pleaded in the plaintiff's petition.

(3)     Because plaintiff's petition shows upon its face that it is not entitled to a money judgment against this defendant.

(4)     Because plaintiff's petition fails to plead any contract between plaintiff and this defendant.

(5)     Because plaintiff's petition fails to attach thereto a copy of the policy sued upon, or the original thereof, or to set out in general terms the nature of the contract as required by the code of procedure."

The motion to dismiss was sustained, but upon what ground does not appear, and the insurance company went out of that case. September 24, 1921, plaintiff obtained a judgment in that cause against Davis & Robinson in the sum of $1850. An appeal was taken, without making appeal bond, as now appears, and that judgment was affirmed by this court on February 27, 1924. [See Julian v. Davis et al., 214 Mo. App. 525, 259 S. W. 142.]

Defendant insurance company contends that the judgment of dismissal as to it in the cause last-above mentioned is a complete bar to the present cause. We shall, for convenience, refer to the case from which the insurance company was dismissed as the account case. After the insurance company was dismissed from the account case that case proceeded as a suit on an ordinary account as fully appears from the reported opinion referred to, supra, and from the record on file in this court of which record we will take judicial notice. [Runnels v. Lasswell, 272 S. W. (Mo. App.) 1072.]

The account case as originally filed was on an ordinary account, and was also in the nature of an equitable garnishment. Plaintiff invoked the law arm of the court to obtain a judgment on his account, and at the same time invoked the equity arm against the insurance company in order to realize on the judgment he sought to obtain against Davis & Robinson. Such was the situation in the account case prior to the dismissal as to defendant insurance company. In the cause at bar, plaintiff is seeking to realize on the judgment he obtained in the account case, and to realize on said judgment he is again invoking the equity arm of the court. So we agree with learned counsel for the defendant insurance company that the issues presented, so far as concerns the insurance company, are the same in the cause at bar as in the account case, prior to the dismissal of the insurance company, when measured by the petitions the substance of which we have stated. But though such is the case it does not necessarily follow that the judgment rendered in the account case is a bar to the present cause. The primary objective in the account case was a *judgment* against Davis & Robinson, and the insurance company, defendant here, was made a party in the account case in order to enhance the chances of satisfaction in the event a judgment was obtained against Davis & Robinson. It cannot be questioned that plaintiff could have proceeded against Davis & Robinson in the account case without making the insurance company a party. Judgment was obtained in the account case against Davis & Robinson and thereafter the cause at bar was filed which we regard in the nature of an equitable garnishment the object and purpose of which is to establish that the insurance company is liable on the policy issued to Davis & Robinson and that plaintiff is entitled to the proceeds. Plaintiff's contention that he is entitled to the proceeds of the policy

is based upon the contract between plaintiff on the one hand and Davis & Robinson on the other, wherein it was provided that the canned tomatoes of Davis & Robinson stored in plaintiff's warehouse should be insured for the benefit of plaintiff. Plaintiff's original cause against Davis & Robinson, the account case, was also in a measure based upon this contract, hence the similarity in the allegations of the petition in the account case and in the petition at bar in so far as concerns the insurance company. But the issues in the account case, after the insurance company was dismissed therefrom, were wholly different from the issues in the cause at bar. The defendant insurance company was not a necessary party in the account case and in effect was no more than a garnishee and the dismissal of the insurance company from that case in which the issues were entirely different is not *res adjudicata* as to the issues at bar. [Wells v. Moore, 49 Mo. 229; Bennett v. Southern Bank, 61 Mo. App. 297; Shanklin ex rel. v. Francis, 67 Mo. App. 457; Swing v. Karges Furniture Company, 150 Mo. App. 574, 131 S. W. 153; Wilson & Co. v. Hartford Fire Ins. Co., 300 Mo. 1, 254 S. W. 266; Wing v. Union Central Life Ins. Co., 167 Mo. App. 14, 150 S. W. 1121.]

In order to enable the reader to better understand we here repeat some facts heretofore stated. The cause at bar was filed in Webster county September 26, 1921, and process served upon defendant insurance company September 27th. Nothing further was done until January 23, 1922, at which time Davis & Robinson were made parties defendant and leave granted to file an amended petition, which amended petition was filed February 14, 1922. When the amended petition was filed summons in garnishment was issued and served upon defendant insurance company. December 27, 1921, twenty-seven days prior to the time when Davis & Robinson were made parties to the cause at bar they, Davis & Robinson, residents of Webster county, filed suit against defendant insurance company in the city of St. Louis on the insurance policy in question here. Service was had in the St. Louis suit on December 30th. Defendant insurance company filed answer in the St. Louis suit setting up the defense of misrepresentation as to the unconditional ownership of Davis & Robinson. The date when this answer was filed does not appear, but on February 6, 1922, the parties to the St. Louis suit filed a stipulation consenting to the trial of the cause before the court without a jury. February 8, 1922, at the February term of the St. Louis circuit court judgment, which was by agreement we assume, was rendered in favor of the defendant insurance company. We say that we assume that the St. Louis judgment was by agreement because it appears in the record before us that no evidence was offered. It appears also that on January 23, 1922, prior to the St. Louis judg-

ment defendant insurance company paid to Davis & Robinson $1000 in settlement of the insurance policy involved in the cause at bar.

Defendant insurance company contends that the St. Louis judgment is also a bar to the present cause. Plaintiff had no knowledge or notice of the St. Louis suit until after judgment, and so far as appears there was nothing before the St. Louis circuit court to advise that the present cause was then pending in Webster county. The St. Louis circuit court had jurisdiction of the parties to, and the subject-matter of, the cause filed there, and unless the rule of priority of acquiring jurisdiction of the parties can be successfully invoked plaintiff cannot escape the plea of the St. Louis judgment.

The cause at bar had been pending with process served upon defendant insurance company for three months prior to the filing of the St. Louis suit, hence the question of priority of jurisdiction of the Webster county circuit court and the St. Louis circuit court should be determined as of September 26, 1921, when the original petition was filed in Webster county and process issued against the insurance company. This is the proper date from which to reckon provided the original petition and cause of action stated therein were not abandoned.

When two courts have coordinate jurisdiction the one whose jurisdiction first attaches will retain it and proceed to final judgment regardless of the action of the other. [Grey v. Independent Order of Foresters, 196 S. W. (Mo. App.) 779; State ex rel. Sullivan et al. v. Reynolds, 209 Mo. 161, 107 S. W. 487, 15 L. R. A. (N. S.) 963, 123 Am. St. Rep. 468, 14 Am. Cas. 198.] Learned counsel for defendant insurance company does not controvert the law thus stated, but contend that the filing of the amended petition was an abandonment of the original, and since the jurisdiction of the St. Louis circuit court attached between the time leave was granted to file, and the filing of the amended petition, that it, the St. Louis circuit court had the lawful right to proceed to final judgment. The substance of the original and amended petitions are set out, supra, and the prayer of the original is set out in full. The prayer of the amended petition is substantially the same as is the prayer of the original. There is nothing substantial to support the contention that the original petition was abandoned or that the amended petition stated a new or different cause of action. It is our conclusion that the St. Louis judgment cannot be interposed as a bar to the cause now before us.

Has the defendant insurance company waived the defense of misrepresentation as to unconditional ownership? Plaintiff had a lien upon the insured tomatoes and no mention of this lien was made by Davis & Robinson when the policy was applied for and issued. Plaintiff contends that defendant insurance company has waived the de-

fense of misrepresentation as to unconditional ownership in Davis
& Robinson (1) because, as claimed, said company, before the fire,
was notified of plaintiff's lien or interest and notwithstanding such
notice the premium was retained and no steps taken to cancel the
policy; and (2) because after the fire defendant insurance company
paid to Davis & Robinson $1000 on the loss notwithstanding the mis-
representation of unconditional ownership which was then known by
the insurance company. The evidence offered to show that defendant
insurance company, prior to the fire, had knowledge of plaintiff's
lien or interest in the tomatoes insured, was by plaintiff. He tes-
tified:

"Q. Did you have a conversation with Guy Winslow, agent of
this company, after the policy was written and before the fire rela-
tive to your interest in the goods insured? A. Yes, sir, I asked
him if they had taken out the insurance.

"Q. Who? A. Davis & Robinson on the stuff.

"Q. What stuff? A. What stuff they had there.

"Q. Go ahead and tell the court the conversation. A. I just
asked Mr. Winslow if Davis & Robinson had taken out insurance on
the stuff they had in my ware room, and he said they had a $2000
policy on one lot, and a $3000 policy on the other lot.

BY THE COURT: "Q. Is that all the conversation? A. Well,
yes, I wanted to know.

"Q. I am not asking you why you wanted to know. Did you
tell all the conversation between you and Mr. Winslow? A. Well,
Yes, in a way, I guess I have.

BY MR. DICKEY: Q. Now, Mr. Julian, did you have any other
conversation with Mr. Winslow? A. Yes, sir.

"Q. When was that? A. The day after the fire."

Here follows the conversation after the fire, after which counsel
returned to the conversation before the fire and asked:

"Q. To refresh your memory, I will ask you if in that first con-
versation you told Mr. Winslow anything about your interest in
that matter? A. Yes, sir.

BY THE COURT: "Q. You didn't say so awhile ago, I asked you
if that was all the conversation, that is what I asked you, I asked
you what was said, did you tell us all of it awhile ago? A. I don't
believe I could tell it word for word, the substance was simply this,
I wanted to know if they did insure it.

"Q. Mr. Dickey asked you if you told Winslow anything about
having any interest in that? A. Yes, sir.

"Q. Why didn't you say that awhile ago? A. I couldn't say
just the words I used, that was the substance of it.

"Q. You had no conversation with him prior to the time the
policy was taken out? A. No, sir, I don't think so, I might have
asked him before that if it was taken out, I am not sure."

The evidence that the agent Winslow had knowledge before the fire of plaintiff's interest is too meager and indefinite to be substantial. We have set this evidence out and it speaks for itself.

Has the defendant waived the right to defend on the ground of misrepresentation of unconditional ownership because it did not return nor offer to return the premium to Davis & Robinson and because it paid the $1000 on the policy to Davis & Robinson? There was no contractual relation between plaintiff and the defendant insurance company, and plaintiff cannot recover from defendant the proceeds of the policy except by showing that Davis & Robinson could recover on the policy. Notwithstanding the misrepresentation defendant paid $1000 on this policy to Davis & Robinson. The misrepresentation could be waived if such was desired. Defendant was not liable on the policy to Davis & Robinson unless it waived the provision respecting the misrepresentation. The payment of the $1000 to Davis & Robinson was an acknowledgment of liability, and was a fact which plaintiff had the right to establish in the cause at bar in support of his contention that defendant was liable to Davis & Robinson on the policy. The fact that the St. Louis circuit court subsequent to the payment of the $1000 rendered a judgment that defendant was not liable on the policy to Davis & Robinson is not of consequence if said court did not have jurisdiction and we have ruled that such was the case when St. Louis judgment was rendered. We look upon the payment of the $1000 to Davis & Robinson as though such payment had been made when no suit was pending against the defendant insurance company commenced by Davis & Robinson. It is, of course, conceded that when the $1000 was paid defendant insurance company had full knowledge that plaintiff had a lien upon the insured tomatoes and was then endeavoring to subject the insurance policy to the satisfaction of his judgment against Davis & Robinson and his lien upon the insured tomatoes. Not only did defendant insurance company, after it was fully informed of plaintiff's lien, fail to return or offer to return the premium to Davis & Robinson which it should have done had it desired to invoke the misrepresentation of unconditional ownership, but it went further and acknowledged liability by paying to Davis & Robinson $1000. Failure to return or offer to return the premium, and the payment of the $1000 after acknowledge of plaintiff's lien was a waiver of the breach of the condition of unconditional ownership. [Hayden v. American Central Ins. Co., 221 S. W. (Mo. App.) 437.]

We find no error. The judgment should, therefore, be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey J.,* concur.