STATE of Missouri ex rel. Jerry T. CAMPBELL, Relator,

v.

Judy SVETANICS et al., Respondents,

and

James C. Brandenburg, Intervenor.

No. 38993.

Missouri Court of Appeals, St. Louis District, Division Two.

March 2, 1977.

Daniel R. Sokol, Kenneth J. Rothman, Clayton, for relator.

Timothy G. Noble, St. Louis, for respondents.

McMILLIAN, Chief Judge.

This is a proceeding for a writ of prohibition to prohibit the respondents, the members of the Board of Election Commissioners for the City of St. Louis, from retaining the name of James C. Brandenburg on the ballot as a candidate for the office of alderman of the Thirteenth Ward in the City of St. Louis in the primary election on March 8, 1977. In his petition Relator alleges that James Brandenburg, Intervenor in this action, has not met the residency requirements prescribed by Art. IV, § 2 of the Charter of the City of St. Louis, Missouri, which provides:

"No person shall become an Alderman except he . . . shall have been next before the election . . . three years a resident of the city, two years an assessed taxpayer of the city, and one year a resident of the ward from which elected . . . (As amended, pursuant to Ord. 44822)."

This petition was filed with the court on February 28, 1977, after the Circuit Court denied the writ of prohibition.

In his return Brandenburg admits that he has not met the residency requirements but answers that the writ should not be issued because (1) on January 10, 1977, he filed suit in the United States District Court of the Eastern District of Missouri seeking a declaratory judgment that the quoted provisions of Art. IV, § 2 of the St. Louis Charter are unconstitutional in that they violate the equal protection clause of the Fourteenth Amendment, the right of assembly, the right to travel and the right of suffrage guaranteed by the Constitution of the United States; and therefore this court, as a court of coordinate jurisdiction, should dismiss or stay relator's action until the federal court enters its order; (2) the quoted provisions of Art. IV, § 2 of the City Charter are unconstitutional and should not be a bar to his candidacy; and (3) a writ of prohibition is not the proper remedy in this case.

This court has long recognized the policy of coordinate jurisdictions, see *State v. Moss*, 392 S.W.2d 260 (Mo.1965); *Jackson v. Kaiser*, 353 Mo. 919, 185 S.W.2d 784 (1945); *Julian v. Commercial Assur. Co.*, 220 Mo.App. 115, 279 S.W. 740 (1926), but we do not find it applicable in this case. From the arguments presented to us we can

perceive no ground for federal jurisdiction in that there appears to be no justiciable case or controversy between Brandenburg, the plaintiff in the federal suit, and the defendant Board of Election Commissioners. The Board has placed Brandenburg's name on the ballot and has not threatened to remove it. Nevertheless, we will assume an actual case or controversy presently exists between the parties in the federal court. The declaratory judgment action, however, does not embrace the same parties involved in this writ proceeding. Brandenburg's suit in the federal court names as defendants the respondents in this suit, but does not name Jerry T. Campbell, the relator in the action. Further, we find a distinction in the subject matter and relief sought in the two disputes. The federal declaratory judgment suit seeks only a ruling on the constitutionality of the Charter's residency requirements; this writ proceeding challenges the Board's action in placing James Brandenburg's name on the ballot and seeks to remove it.

Having determined that we are not precluded from exercising our jurisdiction in this action, we need only look to our Supreme Court's decision in *State ex rel. Gralike v. Walsh*, 483 S.W.2d 70 (Mo. banc 1972), to decide the other issues. In *Gralike* the court found that a requirement that a candidate for state senator be a resident of the district for one year prior to the election was a valid residency requirement. We see no reason why such a requirement would not also be valid when applied to a city election. Since Mr. Brandenburg failed to meet this requirement, we need not reach the question of the constitutionality of the other residency requirements.

Finally, we find no merit in intervenor's claim that a writ of prohibition is not the proper remedy to prevent the election commission from retaining an ineligible candidate's name on the ballot. Prohibition has often been used in such a circumstance and its correctness is beyond dispute. *State ex rel. Gralike v. Walsh*, supra, at 74; *State*

* *Editor's Note*: The opinion of the Supreme Court of Tennessee in *Gouger v. American Mutual Insurance Company*, published in the advance

*ex rel. Bates v. Remmers*, 325 Mo. 1175, 30 S.W.2d 609 (Mo. banc 1930); *Mansur v. Morris*, 355 Mo. 424, 196 S.W.2d 287 (Mo. banc 1946).

The writ of prohibition is to be issued and made absolute.

STEWART and SMITH, JJ., concur.