THE STATE ex rel. SAMUEL DAVIS, Circuit Judge, et al., v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, January 25, 1919.

1. **JURISDICION: Essentials: Divorce.** The two essentials necessary to jurisdiction is the power to entertain the suit and the filing of the petition and service of process upon defendant. Without service of process the jurisdiction is not complete or exclusive. The rule as to these two essentials to jurisdiction applies to divorce proceedings as well as to other civil actions.

2. ————: **Divorce: Action in Rem.** In view of the statute (Sec. 2371, R. S. 1909), declaring that in divorce cases "like process and proceedings shall be had therein as in other civil cases," the classification of divorce proceedings as *in rem* affords no basis for the conclusion that, where all the parties are residents, exclusive jurisdiction becomes vested in a circuit court upon the mere filing therein of the suit and the issuance of the writ of summons. A divorce suit is, at most, only *quasi in rem*, the *res* being wholly intangible and consisting only in the status which the parties sustain to each other.

3. ————: **No Process: Concurrent Jurisdiction.** The filing of a petition and the issuance of process, without service, do not alone confer exclusive jurisdiction upon the court of a divorce suit. So where the husband filed suit for divorce in Lafayette County and the wife on the same day filed her suit in Adair County, and summons was issued in both counties on the same day, but the summons of the Lafayette Court was first served, that court obtained jurisdiction of the case, and the Adair Court did not thereafter have jurisdiction.

## Certiorari.

RECORD QUASHED.

*Robert M. Reynolds, Charles Lyon* and *Horace F. Blackwell* for relators.

(1) This court will, by *certiorari*, review and quash the judgment and opinion of a Court of Appeals in any cause, wherein it appears that such court, in reaching and rendering such judgment and opinion, failed to follow the last previous decisions of this court upon any question of law or equity arising therein. State ex rel. v. Broaddus, 238 Mo. 189; State ex rel. v. Ellison, 256 Mo. 644; State ex rel. v. Reynolds, 257 Mo. 19; State ex rel. v. Robertson, 264 Mo. 661; State ex rel. v. Reynolds, 265 Mo. 88; State ex rel. v. Ellison, 266 Mo. 604; State ex rel. v. Ellison, 268 Mo. 225. (2) This rule applies in cases of original writs and proceedings in such Courts of Appeal, as well as in other cases. The object of the rule is to secure harmony and uniformity in opinion. Ex Parte Conrades, 185 Mo. 411; State ex rel. v. Robertson, 264 Mo. 661; State ex rel. Crockett v. Ellison, 271 Mo. 416. (3) The Court of Appeals had no right to appoint a commissioner to hear evidence and determine therefrom for itself as to the residence of Birdie Taubman, or other question of contested fact, involved in the plea pending in the Lafayette Circuit Court, and by its writ of prohibition supplant its judgment thereon for the judgment of the Lafayette Circuit Court on such question. It had no jurisdiction to consider and determine any of the evi-

dence of contested facts, by the determination of which it was to be determined whether the Lafayette Circuit Court had jurisdiction of the action brought therein, and had no right or jurisdiction to interfere with the Layfayette Circuit Court in its hearing and determination of the facts relating to its jurisdiction. The jurisdiction to hear and determine such facts was lodged alone in the Lafayette Circuit Court. The remedy afforded for an erroneous judgment thereon by said court was by appeal therefrom. State ex rel. v. Withrow, 108 Mo. 7; State ex rel. v. Mills, 231 Mo. 500. (4) The suit in the Adair Court was not such a suit as might be set up in the answer in the suit in the Lafayette Court in abatement thereof as another suit pending between the same parties for the same cause. The defense of a prior suit pending applies only when the plaintiff in both suits is the same person and both are commenced by such plaintiff, and not to cases where there are cross suits and plaintiff in one is defendant in the other, because it cannot be said that either is prosecuting two actions against the other within the rule in question. Rodney v. Gibbs, 184 Mo. 10; Long v. Coal Co., 233 Mo. 734; Pocoke v. Peterson, 256 Mo. 514. (5) Birdie Taubman could only have become a resident of Adair County, Missouri, by having acquired a residence or abode therein with intent to remain there and make it her home in the future for an unlimited period of time. Mere physical presence in a county with the intention of remaining is not sufficient. There must have been an actual residence and domicile acquired, with the intention accompanying. State ex rel. v. Shepard, 218 Mo. 656. (6) There is a difference between commencing a suit and acquiring jurisdiction to proceed to judgment. Jurisdiction means the right to hear and determine. State ex rel. v. Withrow, 108 Mo. 1. And in order to have the right to hear and determine there must be control of both the subject-matter and the parties. Jurisdiction over subject-matter is confessed or fixed by law, while jurisdiction over the person is had by service of process.

Fithian v. Monks, 43 Mo. 515; State ex rel. v. Cave, 272 Mo. 653; State ex rel. v. Holtcamp, 245 Mo. 666. A failure to show service of process may show absence of jurisdiction. State ex rel. v. Barnett, 245 Mo. 115; McMahon v. Hubbard, 217 Mo. 644; Charles v. White, 214 Mo. 187; Gray v. Bowles, 74 Mo. 419. Jurisdiction in no case is complete or acquired without jurisdiction of both the subject matter and the parties, and when both have been secured, then the right to proceed, hear and determine exists, and jurisdiction exists and does not exist until then.

*Campbell & Ellison,* and *Aull & Aull* for respondents.

(1) The question for determination is, ''has the Court of Appeals, upon the facts, in applying the law contravened prior established rules of law announced by the Supreme Court?'' State ex rel. v. Ellison, 271 Mo. 423; State ex rel. v. Ellison, 269 Mo. 156; State ex rel. v. Reynolds, 265 Mo. 93; State ex rel. v. Ellison, 263 Mo. 515; State ex rel. v. Ellison, 256 Mo. 666. (2) The writ of *certiorari* was improvidently issued. The record shows no ruling of respondent judges which conflicts with, or wherein they failed to follow, controlling decision of this court on a question of law or equity in the case. Neither the facts alleged in the application for the writ, nor the facts in the record authorize the relief prayed. (a) Unless there be conflict the judgment may not be annulled. State ex rel. v. Robertson, 262 Mo. 538; State ex rel. v. Smith, 176 Mo. 90; State ex rel. v. Reynolds, 268 Mo. 210. (b) The opinion of respondent judges in holding that the suit in Adair County might be interposed in abatement of the suit pending in the Lafayette Circuit Court did not conflict with any ruling of this court in any of the following cases: Warder v. Henry, 117 Mo. 530; Rodney v. Gibbs, 184 Mo. 10; Long v. Company, 233 Mo. 734-5; Pocoke v. Peterson, 256 Mo. 501; Jacobs v. Lewis, 47 Mo. 346. (c) The opinion in holding that

the writ of prohibition would lie notwithstanding a plea in abatement involving contested facts was pending in the Lafayette Circuit Court did not conflict with any ruling of this court in any of the following cases. State ex rel. v. Withrow, 108 Mo. 7; State ex rel. v. Mills, 231 Mo. 500. (d) The opinion in holding that Birdie Taubman at the time she filed her suit in the Adair Court was a resident of Adair County did not conflict with any ruling of this court in any of the following cases: State ex rel. v. Shepard, 218 Mo. 656. (e) The court in holding that the Adair Court acquired and absorbed the jurisdiction of the divorce controversy and that the Lafayette Circuit Court had no right to proceed, did not conflict with any ruling of this court in any of the following cases; Fithian v. Monks, 43 Mo. 515; Charles v. White, 214 Mo. 208; McMahan v. Hubbard, 217 Mo. 644; State ex rel. v. Barnett, 245 Mo. 666; State ex rel. v. Cave, 199 S. W. Rep. 1018. A court with jurisdiction rightfully acquired supplanted by a co-ordinate court, each asserting jurisdiction of the same cause, absent the judicial comity and courtesy demanded by all proper jurisprudence, in the conflicting court, each determining for itself not only the legality of its own jurisdiction but the illegality of that of the co-ordinate tribunal with which it is in conflict, with the accompanying delays, expense, chaos, confusion, vexation and oppression, grinding a litigant between the upper and nether mill stones of jurisdiction and process, and no remedy—this, it is respectfully submitted, was not the ruling of those cases, has never been and is not the law in Missouri or elsewhere. State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Williams, 221 Mo. 268; State ex rel. v. Bright, 224 Mo. 514; Wells v. Montcalm, Judge, 141 Mich. 58; McLean v. Wayne, Judge, 52 Mich. 258; Farmers Loan Co. v. Company, 177 U. S. 57. (3) When the relator, Taubman, filed his petition in, and the relator, Judge Davis, permitted him to proceed in the Lafayette Circuit Court, the Adair Circuit Court had jurisdiction. Birdie Taubman had filed her petition in the Adair Circuit Court,

writ of summons was immediately issued directed and forwarded to the sheriff of Lafayette County to be served on Edwin M. Taubman, fees for service accompanied the writ, summons served December 20, 1915, on Edwin M. Taubman, personally, which related back to the date of the writ giving the Adair Circuit Court jurisdiction not only over the *res* (status) but also the person. When the jurisdiction of the Adair Circuit Court was so invoked, accepted and proceeded with no court of co-ordinate jurisdiction should, if it would, interfere with or frustrate the proceedings in or supplant the jurisdiction of the Adair Circuit Court. If it did, prohibition was the proper, orderly and efficacious writ to check and restrain. (a) The statute, Sec. 1756, R. S. 1909, provides that a suit is deemed commenced by "filing the petition and suing out thereon a writ of summons against the person of the defendant." Knisely v. Leathe, 256 Mo. 364; State ex rel. v. Broaddus, 245 Mo. 137; State ex rel. v. Wilson, 216 Mo. 292; Gosline v. Thompson, 61 Mo. 471; Lumber Co. v. Wright, 114 Mo. 326; McGrath v. Railroad, 128 Mo. 9; Ex Parte Munford, 57 Mo. 603; Spurlock v. Sproule, 72 Mo. 503; Fenwick v. Gill, 38 Mo. 510; State ex rel. v. Tracy, 237 Mo. 109; Railroad Co. v. Wear, 135 Mo. 256; State ex rel. v. Sale, 188 Mo. 493; State ex rel. v. Bradley, 193 Mo. 330; State ex rel. v. Bright, 224 Mo. 514; State ex rel. v. Eby, 170 Mo. 497; Moore v. Ruxlow, 83 Mo. App. 51; Becker v. Stroeher, 167 Mo. 306; Holloway v. Holloway, 103 Mo. 283; Lumber Co. v. Wright, 114 Mo. 326. (b) The filing of the petition in the Circuit Court of Adair County was the institution of a suit and gave that court jurisdiction from that very instant, although the summons was not served for two or three days thereafter. Sec. 1756, R. S. 1909. Suit is begun the moment petition is filed. First National Bank v. Griffith, 182 S. W. 805; Matthews v. Stephenson, 172 Mo. App. 228; State v. Wilson, 216 Mo. 292; South Missouri Lumber Co. v. Wright, 114 Mo. 326; Dougherty v. Dougherty, 1 Mo. 482; Knisely v. Leathe, 256 Mo. 341-364; (c) The

statute, providing for the institution of suits, says that: "Suits may be instituted in courts of record, by filing such petition in such office, and suing out thereon a writ of summons against the person or of attachment against the property of the defendant. The filing of a petition in a court of record, and suing out of process therein, shall be taken and deemed the commencement of a suit." R. S. 1909, sec. 1756. "Where two suits are brought at different times between the same parties and for the same thing that first brought occupies the ground and that subsequently brought will be abated." Walter Com. v. Gilleland & Hamlin, 98 Mo. App. 587; Tire Co. v. Webb, 143 Mo. App. 681. (4) Divorce a proceeding *in rem,* the *res* is the status of the plaintiff in relation to the defendant to be acted on by the court, this relation being before the court in the person of the plaintiff, the court acts on it, and dissolves it by a judgment of divorce. Ellison v. Martin, 53 Mo. 578; Haddock v. Haddock, 201 U. S. 624; Moss v. Fitch, 212 Mo. 484; 2 Bish. Mar. Div. & Sep., secs. 22, 27, 28, 29; Moore v. Ruxlow, 83 Mo. App. 51; Gould v. Crow, 57 Mo. 203; Anthony v. Rice, 110 Mo. 223; Atherton v. Atherton, 181 U. S. 155; Doyle v. Doyle, 26 Mo. 549; McIntyre v. McIntyre, 80 Mo. 477; McGrath v. McGrath, 128 Mo. 10. (5) As between the immediate parties to a suit it is commenced when the petition is filed and the writ issued. When writ of summons is subsequently served the date of service for the purpose of jurisdiction relates back to the date of the writ. Mound City v. Castleman, 177 Fed. 510; Mound City v. Castleman, 187 Fed. 921; Company v. Commissioners, 42 Kan. 227; Wells v. Montcalm, 141 Mich. 58; Smith v. Woodleaf, 21 Kan. 717; Farmers Loan Co. v. Co., 177 U. S. 51; Moore v. Ruxlow, 83 Mo. App. 51. And is pending until finally disposed of. Ex parte Munford, 57 Mo. 606; Robbins v. Robbins, 138 Mo. App. 214. (6) Prohibition was the remedy. Whenever a court of concurrent jurisdiction attempts to so proceed or interfere, the remedy is prohibition. Railroad v. Wear, 135 Mo. 257. (7) Domicile of choice, or residence, is

acquired by one capable of choosing, when the two elements—actual or physical presence and the intention to remain permanently, or for an indefinite time—concur. If a person be actually, or physically, present, at a place with intention of remaining, for an indefinite time, as a place of present fixed residence, it is in law deemed the place of domicile of such person. Stevens v. Larwill, 110 Mo. App. 156; Story Confl. Laws (8 Ed.), p. 50; Ringgold v. Barley, 59 Am. Dec. 109; Minor on Confl. Laws, pp. 114-116, secs. 59-60; Shirk v. Shirk, 75 Mo. App. 583; McDowell v. Co., 135 Mo. App. 288; Matter of Wrigley, 4 Wend. 605; Spragins v. Houghton, 3 Ill. 396; .24 Am. & Eng. Ency. Law (2 Ed.), p. 694, Cooley on Const. Lim. (7 Ed.), pp. 903-4; State v. Snyder, 182 Mo. 501; State v. Dayton, 77 Mo. 682; Johnson v. Smith, 43 Mo. 499; Anderson v. Anderson, 42 Vt. 350, 1 Am. Rep. 334; Green v. Beckwith, 38 Mo. 384; Whitney v. Inhabitants Sherborne, 12 Allen (Mass.), 113; Adams v. Abernathy, 37 Mo. 196; State ex rel. v. Banta, 71 Mo. App. 32; Ex parte Blumer, 21 Tex. 734. (8) The place of residence, or domicile, is largely one of intention. In Re Lankford's Estate, 197 S. W. 148; Northern v. McCaw, 189 Mo. App. 369; Lankford v. Gebhart, 130 Mo. 621; Wyrick v. Wyrick, 162 Mo. App. 723; McDowell v. Shoe Co., 135 Mo. App. 284; Stevens v. Larwill, 110 Mo. App. 156; Johnson v. Smith, 43 Mo. 399; Hall v. Schoenecke, 128 Mo. 661; Bradley v. Lowry, 122 Fed. 788; Morris v. Gilmer, 129 U. S. 328. (9) And a husband and wife may have separate domiciles. Stevens v. Larwill, 110 Mo. App. 157; Hewitt v. Hewitt, 57 Mo. 276; Bank v. Cooper, 40 Mo. 169. (10) Prohibition was the proper remedy to keep the Lafayette Court within its jurisdiction and to restrain it from interfering with, frustrating and supplanting the proceedings and jurisdiction of the Adair Court. State ex rel. v. Reynolds, 209 Mo. 161; State ex rel. v. Williams, 221 Mo. 268; State ex rel. v. Ross, 122 Mo. 463; Thomas v. Mead, 36 Mo. 232; Trainer v. Porter, 45 Mo. 336; State ex rel. v. Barnett, 245 Mo. 99; Seidel v. Simeon,

62 Mo. 257; Farmers Loan Co. v. Company, 177 U. S. 671; State ex rel. v. Tracy, 237 Mo. 123. (11) "It was unnecessary for relator in the Court of Appeals to have her plea in abatement passed upon by the lower court before proceeding in prohibition. It has never been a hard and fast rule in this State that the jurisdiction of the lower court must first be challenged therein before a provisional writ can issue from this court." State ex rel. v. Bright, 224 Mo. 514; State ex rel. v. Aloe, 152 Mo. 484; State ex rel. v. Eby, 170 Mo. 497.; State ex rel. v. Sale, 188 Mo. 496; State ex rel. v. Williams, 221 Mo. 227; State ex rel. v. Bradley, 193 Mo. 33; State ex rel. v. Fort, 107 Mo. App. 328; State ex rel. v. Reynolds, 209 Mo. 178; State ex rel. v. Tracy, 237 Mo. 109; Railroad Co. v. Wear, 135 Mo. 256; State ex rel. v. Shelton, 238 Mo. 292; State ex rel. v. McQuillin, 246 Mo. 532; State ex rel. v. Wood, 155 Mo. 425; State ex rel. v. Spencer, 166 Mo. 271; State ex rel. v. Spencer, 164 Mo. 48.

WALKER, J.—*Certiorari* is here invoked to quash the record of the Kansas City Court of Appeals in a certain original proceeding in prohibition determined in that court, entitled: "The State of Missouri, at the relation of Birdie Taubman, Relatrix, v. Samuel Davis, Judge of the Circuit Court of Lafayette County, and Edwin M. Taubman, Respondents." Upon a hearing, the preliminary writ issued by the Court of Appeals in the prohibition proceeding was made final. The propriety of that action is here assailed on the ground that the holding of the Kansas City Court of Appeals is contrary to previous rulings of the Supreme Court.

In December, 1915, Edwin M. Taubman and Birdie, his wife, were residing at Lexington, which had been their home for three years prior thereto. Differences arose between them, and on the night of December 15, 1915, she left her home and husband, and went to the residence of a friend in Lexington, where she remained until the 17th day of December, 1915. On the forenoon of that day she went to Kirksville, in Adair

County, arriving there in the afternoon. Immediately thereafter, she went to the office of the Clerk of the Circuit Court of Adair County, filed a petition for divorce, and ordered summons therein to issue for service upon her husband in Lafayette County. Service was not obtained upon him until December 20, 1915.

On December 17, 1915, Edwin M. Taubman filed a suit against his wife, for divorce, in the circuit court of Lafayette County, at Lexington, and she was served with summons in same at Kirksville, in Adair County, on the 18th of December, 1915. The summons which had been issued for service upon Birdie Taubman was made returnable to the February term, 1916, of the Circuit Court of Lafayette County, and was docketed for hearing and determination in that court on February 22, 1916. In the meantime, Edwin M. Taubman filed in the circuit court of Adair County his plea in abatement in answer to the suit there instituted by his wife, alleging the pendency of the suit against her in Lafayette County, and the service of summons upon her.

In the Kansas City Court of Appeals, on the 17th day of February, 1916, Birdie Taubman applied for and was granted a preliminary rule in prohibition against Samuel C. Davis, as Judge of the Circuit Court of Lafayette County, and Edwin M. Taubman, to prevent the trial and determination of the suit instituted by Edwin M. Taubman in said circuit court, alleging as grounds therefor, that said circuit court was attempting to interfere with and frustrate the jurisdiction of the circuit court of Adair County, in the hearing and determination of the suit for divorce instituted by her therein. This writ was made final by the Court of Appeals, on the ground, briefly put, that the filing of the suit for divorce in the circuit court of Adair County by Birdie Taubman and the issuance of process therein ousted the jurisdiction of the circuit court of Lafayette County in a like proceeding contemporaneously brought, as to the day of filing, by her husband, Edwin M. Taubman, against her, in said last named court, in

which she was served with process two days prior to the service upon him in her suit.

As to what constitutes a domicile or residence within the meaning of the divorce statute is not necessary to a determination of the matter at issue. A discussion, therefore, of the subtleties of rules of interpretation as evidenced by adjudicated cases on this subject, would serve no useful purpose. It may be conceded for the purpose of this case, without thereby announcing a definite rule on the subject, that Birdie Taubman, by her hasty hegira to Adair County, acquired such a residence there as to authorize her to institute the divorce suit in the circuit court of that county. It follows, as a necessary implication from her right to institute the suit, that the court was thereby empowered to entertain it. Thus empowered, its jurisdiction of the subject-mater was established. This, however, is but one of the essentials necessary to confer upon the court complete and exclusive jurisdiction. The other essential is service upon the person against whom the proceeding is directed in such manner as the statute may require. Present these two essentials, and the jurisdiction of the court is complete. [Kellogg v. Moore, 271 Mo. 189, 196 S. W. 15; State ex rel. Furstenfeld v. Nixon, 133 S. W. 340; State ex rel. v. Holtcamp, 245 Mo. 655, 151 S. W. 153; Robinson v. Levy, 217 Mo. 498, 117 S. W. 577; State ex rel. v. Muench, 217 Mo. 124, 117 S. W. 25, 129 Am. St. Rep. 536.] In the absence of the first essential, the court is without power to proceed in any manner; in the absence of the second, its power is held in abeyance and cannot be exercised until it is present. The rule is uniform in its application. That it applies as well to divorce proceedings as to others is consonant with reason and consistent with an impartial administration of justice. An attempt to create an exception to this rule in divorce proceedings, either by construction or a declaratory statute, and thus confer upon the courts complete and determinative jurisdiction, upon the filing of the petition and the issuance of process without

service, would result in a denial of justice in not affording a defendant an opportunity to have his day in court. [Troyer v. Wood, 96 Mo. l. c. 480 and cases.]    In recognition of the general application of the rule, our statute on divorce (Sec. 2371, R. S. 1909) affirmatively declares that "such cases shall be tried by the court, and that like process and proceedings shall be had therein as in other civil suits." The classification of divorce proceedings as *in rem,* as certain cases loosely declare, affords no basis in reason for the conclusion that exclusive jurisdiction becomes vested in the court upon the filing therein of the suit.    This is not true of actions properly classified as *in rem.*    The presence of the essentials to complete and determinative jurisdiction is as necessary in this class of cases as in others.    The jurisdiction acquired by the institution of the action alone, is limited to the *res,* which must be tangible. [Freeman v. Thompson, 53 Mo. l. c. 194.]    A divorce suit is, at most, but an action *quasi in rem.*    [Ellison v. Martin, 53 Mo. 578; McDermott v. Gray, 198 Mo. l. c. 285;  Moss v. Fitch, 212 Mo. 484.]    The *res* is wholly intangible and consists only in the status which 'the plaintiff sustains in relation to the defendant.    Upon this theory, jurisdiction of the subject-matter is obtained where the defendant is a non-resident of the State, and as a consequence of this fiction in classification, for it is nothing more, substituted service is held sufficient to supply the essential necessary to give the court jurisdiction of the person of the defendant.    [Troyer v. Wood, supra.]    No question of this character arises here.    And it is wholly immaterial, so far as the solution of the question at bar is concerned, whether a divorce suit is *in rem, quasi in rem,* or *in personam.*    The parties here are all residents. The service, therefore, could not be constructive or substituted, but must be personal. Until obtained, complete jurisdiction was not present in either of the courts. This we have somewhat definitely stated, citing in support thereof a number of cases. Others clearly affirmatory of the doctrine thus announced, are found in our reports

from Fithian v. Monks, 43 Mo. 515, to State ex rel. v. Cave, 272 Mo. 653, and are cited in relator's brief. In one of these, State ex rel. v. Holtcamp, 245 Mo. 655, we said: "To acquire jurisdiction a court must (1) possess power to determine the general class of cases to which the one belongs which it is attempting to adjudicate; (2) when its judgment, as in this case, will affect the title to particular property, it is generally necessary that such property be situated within the territorial jurisdiction of the Court; and (3) the court must by its process or by voluntary appearance acquire jurisdiction over the persons whose rights will be affected by the decree." In State ex rel. v. Barnett, 245 Mo. l. c. 115, we held that a failure to show service of process discloses an absence of jurisdiction. McMahan v. Hubbard, 217 Mo. l. c. 644, announces a like doctrine. In Charles v. White, 214 Mo. 187, we said: "There must not only be jurisdiction as to the parties affected by the decree by having them before the court by process or appearance, but there must be jurisdiction of the matter acted upon by having it before the court in the pleadings." In Troyer v. Wood, 96 Mo. l. c. 480, we said that "it is a principle of universal justice that no one shall be condemned in his person or property without notice and an opportunity to be heard in his defense. Notice is therefore essential to the jurisdiction of all courts; and the rule which requires it to be given to the party whose interests and rights are sought to be affected by judicial proceedings is as old as the law itself." Citing Troyer v. Wood, supra, as a controlling precedent, the Kansas City Court of Appeals said, in Burge v. Burge, 94 Mo. App. l. c. 21: "Notice is essential to jurisdiction; to give judgment without it is to disregard the maxim *audi alteram partem.* Such a judgment would possess none of the qualities of a judicial determination and cannot be upheld. And proceedings *in rem* or *quasi in rem* are not exempt from the operation of the rule which makes notice in some form essential to jurisdiction."

As to what is complete and exclusive jurisdiction, having thus been clearly and unequivocally defined, it does not seem that uncertainty could arise, in any given case, as to when and to what extent it exists. The suits about which this controversy centers were filed on the same day. This, however, is immaterial, as the filing of the suit and the issue of process alone will not, as we have shown, be determinative of the question at issue. Therefore we need not concern ourselves with a review of the cases defining what constitutes the commencement of a suit. Nor is it necessary to discuss whether that spirit of comity that should exist between courts of co-ordinate jurisdiction has been manifested in these proceedings. Both suits having been filed on the same day, neither court could know that a like proceeding had been commenced in the other. Recognition of priority was, therefore, precluded, and comity, as a consequence, rendered impossible. Its manifestation thereafter was certainly not called for from the court which had regularly acquired all the essentials to complete and determinative jurisdiction. Let it be conceded that the filing of the suit was a few hours earlier in the circuit court of Adair County than that in the circuit court of Lafayette County, actions for divorce being within the judicial purview of these courts, each, upon the filing of the suit therein, acquired jurisdiction of the subject matter. There remained to be supplied the essential of the service of process necessary to draw the person within the power of the court. This was had upon Birdie Taubman in the suit instituted by her husband on December 18, 1915. Service was not had upon Edwin M. Taubman in the suit instituted by his wife until December 20, 1915. The circuit court of Lafayette County was, as a consequence of this prior service, clothed with complete and exclusive jurisdiction. Thus panoplied, no court was authorized by extraordinary writ to interfere with the exercise of its powers. There is never room for prohibition in the presence of complete jurisdiction. The circuit court of Lafayette County should, therefore, have been per-

mitted to hear and determine the suit instituted therein by Edwin M. Taubman, and the action of the Court of Appeals in attempting to deprive it of this power was without warrant. Its record should, therefore, be quashed. It is so ordered. All concur, except *Bond*, *C. J.*, not sitting.