IN THE MATTER OF THE ESTATE OF JOHN F. JANISCH, DECEASED, LEE J. PATTON, ADM'R., RESPONDENT, v. LINDA SCHWEIZER, APPELLANT.—117 S. W. (2d) 358.

Kansas City Court of Appeals. May 2, 1938.

*Murrell & Murrell, Philip J. Fowler, Roland A. Zeigel* and *E. M. Jayne* for respondent.

*P. M. Marr* for appellant.

REYNOLDS, J.—This appeal comes to us from the circuit court of Adair county.

From the record, it appears that John F. Janisch, a resident of Adair county, Missouri, died intestate at Kirksville in said county

on June 13, 1935. It further appears that one Lee J. Patton, the respondent herein, was duly appointed administrator of his estate by the probate court of Adair county, Missouri, and qualified as such; that, thereafter on July 22, 1935, the appellant herein, Linda Schweizer, filed her petition in the circuit court of said county, in which she alleged a contract with the deceased to the effect that, if she would care for the deceased until his death, she was to be the owner of one-half of his property and sought specific performance of such contract against the respondent as administrator of the estate of the deceased and against the heirs of the deceased and sought a decree adjudging her to be the owner of a one-half interest in the property of the deceased. The petition alleged that, at the time of the death of the deceased, he was the owner of personal property of the value of more than $—— and was the owner of certain described real estate.

The defendants therein made general denial to said petition.

Upon a trial had, judgment was rendered against the plaintiff therein (the appellant herein) and in favor of the administrator and the heirs of the deceased (the defendants therein) on February 11, 1936, at the February term of the court, from which judgment the appellant herein (the plaintiff therein), after an unsuccessful motion for a new trial, appealed to the Supreme Court of Missouri.

Thereafter, after such appeal had been lodged in the Supreme Court and while pending therein, the respondent herein, as administrator of the deceased, filed in the probate court of Adair county a petition for an order of sale of certain of the personal property of such estate in his hands as administrator in which the appellant herein, by virtue of her contract, claimed a one-half interest. The appellant appeared in the probate court and filed objections to the order of sale, basing such objections on the ground that she was the owner of a one-half interest in all of the property described in the administrator's petition; that, under and by virtue of an agreement with the deceased (Janisch), one-half of his property belonged to her; that an action was then pending in the Supreme Court of Missouri by her against the administrator and the heirs of the said deceased for the one-half of said property to which she was entitled; that an attempted sale of all of such property by said administrator was of a greater interest therein than that owned by the said Janisch at the time of his death; and that the probate court was without jurisdiction to order the sale of the one-half interest of the appellant herein in the property described in the administrator's petition.

The appellant's objections were overruled by the probate court and an order of sale, as asked by the respondent administrator, was thereupon made by the probate court, from which order the appel-

lant duly appealed to the circuit court of Adair county, furnishing an appeal bond which was approved by the court.

It appears that the respondent administrator sold all of the personal property described in his petition under the order of sale made by the probate court, notwithstanding the appellant's appeal from such order and the giving by her of an appeal bond.

Upon a trial in the circuit court upon such appeal, judgment was rendered for the administrator; and the order and judgment of the probate court directing the sale of said property was sustained; and the administrator's sale was confirmed. From such judgment of the circuit court, the appellant, after unsuccessful motions for a new trial and in arrest of judgment, appealed to this court.

The sole question on this appeal relates to the jurisdiction of the probate court to entertain the petition of the administrator Patton for the sale of the personal property of the deceased and to make the order for the sale of such property at the time such petition was filed and acted upon and such order made.

We are of the opinion that the probate court did not have any jurisdiction to entertain the petition of the administrator for the sale and to make the order for the sale of the property at the time that the petition was filed and acted upon and such order made.

At the time that the petition for the order was filed in the probate court and at the time that the order of sale was made, the suit which had been filed by the plaintiff therein (the appellant herein) in the circuit court of Adair county, based upon her alleged contract with the deceased (Janisch), against the respondent administrator and the heirs of Janisch (the defendants therein), seeking the specific performance of the contract and a decree of that court adjudging her to be the owner of a one-half interest in the property of the deceased, which included the personal property herein involved, had been tried in the circuit court of Adair county and was pending in the Supreme Court on appeal from an adverse judgment to the plaintiff, therein undetermined, which appeal had been duly lodged in the Supreme Court.

Upon the filing of her petition in the circuit court in that cause and the issuance and service of summons upon the defendants therein, that court became clothed with complete jurisdiction of the parties thereto and the subject-matter of the suit to the exclusion of all other courts, including the probate court of Adair county (State ex rel. Davis v. Ellison, 276 Mo. 642, l. c. 655, 208 S. W. 439), which jurisdiction was transferred by the appeal to the Supreme Court of Missouri.

The subject-matter of that suit being the personal and real property of the deceased (Janisch) at the time of his death, in kind, the ownership of the plaintiff therein of one-half thereof was, under the

allegations of the petition in that cause, brought within the jurisdiction of that court and that of the Supreme Court upon appeal; subject to the final orders to be made with respect thereto in that cause.

The probate court of Adair county was powerless to invade the jurisdiction of that court, perfected in the manner above noted, or that of the Supreme Court upon the appeal thereto, which was pending therein, or to remove from the jurisdiction of the latter court or of the circuit court by its order of sale the property thus brought in and being held or to change the form thereof or to divert it therefrom in any manner or for any purpose.

The respondent contends that no question of title to the personal property for which the order of sale by the respondent administrator was sought and procured in the probate court was involved in the suit instituted in the circuit court which was pending on appeal in the Supreme Court.

Regardless of such contention, however, in that suit it appears that the plaintiff based her claim for specific performance upon the claim that she was the owner of one-half of such property under her contract with Janisch, the deceased, and made resistance in this proceeding to the granting of such order by the probate court on the ground that she was the owner of one-half of the same and that the court had no jurisdiction to make an order to sell it as part of the property of the estate of the deceased. This necessarily involved the title as to such one-half claimed by the plaintiff therein; and, if she was the owner, she held the equitable if not the legal title thereto and was entitled to have the legal title, if imperfect, perfected in her.

By her suit in the circuit court, the plaintiff therein (the appellant herein) did not ask that she be decreed the owner of a one-half interest in the estate generally of the deceased but asked that she be decreed to be the owner of a one-half interest in the specific personal and real property of which the deceased died seized—in other words, that she be adjudged the owner of a one-half interest in his property in the form in which it existed at the date of the death of the deceased. This, of course, amounted to a claim of ownership by her of one-half of all of said property in kind and the claim of title thereto, equitable or otherwise, or a claim that she was entitled to have the title thereto settled in her.

If such was her contract, she was, of course, entitled to one-half of all of such property in kind and entitled to have it so decreed so that, the question of her ownership of the one-half being directly involved, the question of her title thereto and the perfecting thereof in her was also involved.

If she was the owner of a one-half interest thereof, as claimed by her, clearly the probate court had no jurisdiction in any event to

order its sale. Whether she was the owner was clearly within the issues in her suit.

The probate court has, by its action, invaded the jurisdiction of the circuit court of Adair county and of the Supreme Court of Missouri in a controversy existing between the appellant and the respondent herein with reference to the ownership and title, equitable or otherwise, to one-half of the specific property of the deceased intestate, pending in the Supreme Court of Missouri on appeal from a judgment of the circuit court of Adair county, having jurisdiction of the parties and the subject-matter, and has in effect for itself decided such controversy without waiting for the Supreme Court to decide it, which it clearly was without jurisdiction to do.

The judgment of the circuit court is in its entirety reversed. All concur.