248 S.W.2d 12 (1952)
In re GAEBLER'S ESTATE.
HAEFNER et ux.
v.
GAEBLER'S ESTATE.
No. 28290.
St. Louis Court of Appeals. Missouri.
April 15, 1952.
*13 Mattingly, Boas & Richards and Robert E. Brauer, St Louis, for appellants.
Frank Landwehr, Grover C. Sibley, St. Louis, for respondent.
ANDERSON, Judge.
This is an appeal by Wilbur G. Haefner and Neva Haefner from a judgment of the Circuit Court of St. Louis County dismissing their claim filed in the Estate of Amelia B. Gaebler, deceased. The claim was originally filed in the Probate Court of St. Louis County. The facts, as they appear from the transcript on appeal, which includes the records and proceedings of the Probate Court and the Circuit Court, are as follows:
The claim was filed in the Probate Court of St. Louis County on December 22, 1948, and was in the nature of an action for money had and received. In substance, it was alleged in said claim that on April 1, 1941, claimants, who were husband and wife, executed and delivered to Amelia B. Gaebler their promissory note for the sum of $4,800, with interest at five per cent. per annum, payable semi-annually, which note was secured by a deed of trust on real estate owned by said claimants. It was further alleged that Amelia B. Gaebler placed said note in the possession of Joseph F. Koehr, with full authority in said Koehr to collect the principal and interest due thereon; that claimants paid the full amount due on said note, principal and interest; that receipts for said payments were executed by said Koehr; and that said note was surrendered to said claimants.
It was further alleged that subsequent to April 1, 1944, Amelia B. Gaebler, acting by and through her agent Edward L. Kuhs, advised claimants that her agent Joseph F. Koehr had failed and refused to turn over to her the amounts paid by claimants on said note, and that they thereupon made a second payment to said Amelia B. Gaebler of the principal and interest due on said note. It was then alleged that the second payment was made under a mistake of fact and without consideration. The prayer was that said claim be allowed in the sum of $4,800, and costs.
On December 29, 1949, Irma G. Hill, the executrix of the estate of Amelia B. Gaebler, deceased, filed in the Probate Court her motion to dismiss said claim. The grounds of said motion were that the Probate Court was without jurisdiction to hear and determine said claim, because (1) a suit, based upon the same facts, was filed in the Circuit Court of the City of St. Louis prior to the filing of said claim in the Probate Court; and (2) because it appears on the face of said claim and said amended petition that claimants were seeking to have set aside certain alleged payments on certain notes because of alleged mistake of fact and fraud practiced upon them, which grounds of recovery could only be tried in a court of equity. It was alleged in said motion that said suit was originally filed against Joseph F. Koehr, and that on April 19, 1948, Amelia Gaebler was, by an amended petition, made a party defendant.
Attached to said motion, as an exhibit, was a copy of the amended petition in cause *14 No. 3967-D of the Circuit Court of the City of St. Louis, entitled "Wilbur G. Haefner and Neva Haefner, his wife, plaintiffs, v. Joseph F. Koehr and Amelia B. Gaebler." By said petition it was alleged that on April 1, 1941, plaintiffs executed and delivered to defendant Amelia B. Gaebler, through her agent Joseph F. Koehr, their note for $4,800, payable April 1, 1944, with interest at the rate of five per cent. per annum, and that said note was secured by a deed of trust on plaintiffs' real estate located at 8544 North Broadway in the City of St. Louis; that it was thereafter agreed by said parties that the interest and principal payments on said note could and should be made through defendant Joseph F. Koehr; that thereafter and prior to April 1, 1944, the defendant Amelia Gaebler permitted defendant Joseph F. Koehr to act as her agent in the collection and surrender of said notes, and placed same in his possession with full authority to collect the principal and interest due on said notes; that plaintiffs paid to the said Amelia Gaebler the full amount due, together with interest, and upon payment of each interest note same was surrendered to plaintiffs by the defendant Joseph Koehr.
It was further alleged that subsequent to April 1, 1944, defendant Amelia Gaebler advised plaintiffs that defendant Koehr had failed and refused to pay to her the principal amount, $4,800, paid by plaintiffs, and at said time falsely represented that defendant Joseph F. Koehr had not been authorized to act for her in the collection of said notes, and stated that as far as she was concerned defendant Joseph F. Koehr was agent for plaintiffs; that said defendant Amelia Gaebler, after making said false representations, threatened to foreclose the mortgage above mentioned, and that by reason of said false representations and threats, plaintiffs were induced to execute an extension note by the terms of which they agreed to again pay the principal sum which had been collected by the defendant Amelia Gaebler by and through her agent, Joseph F. Koehr.
It was further alleged that thereafter, and while acting under said false representations, plaintiffs instituted a suit against defendant Joseph F. Koehr to recover the sums which had been paid to him for defendant Amelia Gaebler; that by taking the depositions of Amelia Gaebler and her agent, Edward L. Kuhs, plaintiffs discovered that said Amelia Gaebler had falsely represented that Joseph F. Koehr was not acting as her agent in the collection of said interest notes and principal note; and that said depositions were taken on the 17th day of June, 1947, and on March 4, 1948.
It was further alleged that there was no consideration for the second payment of $4,800, and that same was made under a mistake of fact induced by the fraudulent representations of the defendant Amelia Gaebler, and that in equity and in good conscience said defendant should not be permitted to retain said funds.
The prayer of the petition was for judgment against both defendants in the sum of $4,800, together with costs.
On May 9, 1950, the Probate Court entered the following order:
"Now on this 9th day of May, 1950, and during the May Term, 1950, of this court, after duly considering the law and the evidence heretofore submitted to the court on the 11th day of November, 1949, on the motion of the executrix to dismiss the claim of Wilbur G. Haefner and Neva Haefner, his wife, the court finds that said claimants have a cause of action pending in the Circuit Court of the City of St. Louis based on this claim and by reason thereof, the court lacks jurisdiction to entertain the claim.
"It is therefore ordered, adjudged and decreed that the claim be and the same is hereby dismissed for lack of jurisdiction, at the cost of the claimants."
From the above order of dismissal the claimants, on June 20, 1950, appealed to the Circuit Court of St. Louis County. When the case reached the Circuit Court the executrix again moved to dismiss said cause. The grounds of said motion were identical with those relied on in the motion to dismiss theretofore filed in the Probate Court. This motion was by the court sustained, on the ground "that the St. Louis Circuit Court *15 first obtained and has exclusive jurisdiction over the subject matter of the litigation." Thereafter, in due time, claimants appealed from the judgment of dismissal.
Appellants assign as error the action of the trial court in sustaining the motion to dismiss filed by the executrix. Respondent contends that we are precluded from considering said assignment for the reason that appellants failed to file a motion for new trial after the trial court made its finding. There is no merit to this contention. The motion to dismiss raised a question of the court's jurisdiction over the subject matter, and the issue thus raised was tried to the court. Under such circumstances, no motion for new trial was necessary to preserve the court's ruling for review. See Sections 512.160 and 510.310, RSMo 1949, V.A.M.S.; Supreme Court Rule 3.23; and Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153.
It is a well established rule that when a court of competent jurisdiction becomes possessed of a cause, its authority continues, subject only to the authority of a superior court, until the matter is finally and completely disposed of; and no court of concurrent jurisdiction may interfere with its action. State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 107 S.W. 487, 15 L. R.A.,N.S., 963; Julian v. Commercial Assur. Co., 220 Mo.App. 115, 279 S.W. 740; 21 C.J.S., Courts, § 492, p. 745.
This rule rests upon comity and the necessity of securing proper and orderly administration of justice to prevent vexation, oppression, harassment and unnecessary litigation. Any other rule would result in a multiplicity of suits and create unseemly, expensive and dangerous conflicts in the securing and execution of judgments. State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 107 S.W. 487, 15 L.R.A.,N.S., 963; Myers v. Superior Court, 75 Cal.App.2d 925, 172 P.2d 84; Simmons v. Superior Court, 96 Cal.App.2d 119, 214 P.2d 844, 19 A.L.R.2d 288; Schaefer v. Milner, 156 Kan. 768, 137 P.2d 156; Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353; Kusick v. Kusick, 243 Wis. 135, 9 N.W.2d 607; Ex parte Burch, 236 Ala. 662, 184 So. 694; Morris v. McElroy, 23 Ala.App. 96, 122 So. 606; State ex rel. Cook v. Madison Circuit Court, 193 Ind. 20, 138 N.E. 762; First M. E. Church v. Hull, 225 Iowa 306, 280 N.W. 531; Maclean v. Speed, Circuit Judge for Wayne County, 52 Mich. 257, 18 N.W. 396; 15 C.J., Courts, sec. 583, p. 1136; 21 C.J.S., Courts, § 492, p. 747; 14 Am.Jur., Courts, sec. 243, p. 435.
In applying the rule above mentioned the proper test is: (1) whether there is a prior action between the same parties involving the same subject matter; and (2) whether the court in which the prior suit is pending has jurisdiction to render the particular relief sought in the subsequent action. Where the prior jurisdiction has terminated or is inadequate to afford the necessary relief, the assumption of jurisdiction by another court is permissible. 21 C.J.S., Courts, § 492, p. 753.
It has also been held that until the court in which suit is first filed assumes full jurisdiction, a court of concurrent jurisdiction in which the second action is brought has jurisdiction to proceed with the trial. Jurisdiction is acquired by the issuance and service of process, and in case of conflict of jurisdiction priority is determined by the date of service of process. State ex rel. Davis v. Ellison, 276 Mo. 642, 208 S.W. 439; State ex rel. Fromme v. Harris, Mo. App., 194 S.W.2d 932; De Brincat v. Morgan, Cal.App.2d 7, 36 P.2d 245; Craig v. Hoge, 95 Va. 275, 28 S.E. 317; Union Mutual Life Ins. Co. v. University of Chicago, C.C., 6 F. 443; Owens v. Ohio Cent. Railroad Co., C.C., 20 F. 10; Louisville Trust Co. v. City of Cincinnati, 76 F. 296, 22 C.C. A. 334; Foley v. Hartley, C.C., 72 F. 570; Wilmer v. Atlanta & R. Airline Railway Co., 30 Fed.Cas. p. 73, No. 17,775; Schuehle v. Reiman, 86 N.Y. 270; United States v. Lee, D.C., 84 F. 626.
State ex rel. Davis v. Ellison, supra, was a certiorari proceeding to quash the record of the Kansas City Court of Appeals. On December 17, 1915, Birdie Taubman filed suit for divorce against Edwin M. Taubman in the Circuit Court of Adair County. Summons was issued and served on defendant on December 20, 1915. On December 17, *16 1915, Edwin M. Taubman filed suit for divorce against Birdie in the Circuit Court of Lafayette County. Summons was issued and served on Birdie on December 18, 1915. The Kansas City Court of Appeals issued its writ of prohibition against the judge of the Lafayette County Circuit Court prohibiting him from proceeding with the husband's suit. The Supreme Court quashed the record of the Kansas City Court of Appeals, holding that since service was first had in the husband's suit, the Circuit Court of Lafayette County was the first to acquire jurisdiction. The court said [276 Mo. 642, 208 S.W. 439]:
"It may be conceded for the purpose of this case, without thereby announcing a definite rule on the subject, that Birdie Taubman by her hasty hegira to Adair county acquired such a residence there as to authorize her to institute the divorce suit in the circuit court of that county. It follows, as a necessary implication from her right to institute the suit, that the court was thereby empowered to entertain it. Thus empowered, its jurisdiction of the subject-matter was established. This, however, is but one of the essentials necessary to confer upon the court complete and exclusive jurisdiction. The other essential is service upon the person against whom the proceeding is directed in such manner as the statute may require. Present these two essentials and the jurisdiction of the court is complete. (Citing cases.) In the absence of the first essential, the court is without power to proceed in any manner; in the absence of the second, its power is held in abeyance and cannot be exercised until it is present.

* * * * * *
"Let it be conceded that the filing of the suit was a few hours earlier in the circuit court of Adair county than that in the circuit court of Lafayette county, actions for divorce being within the judicial purview of these courts, each upon the filing of the suit therein acquired jurisdiction of the subject-matter. There remained to be supplied the essential of the service of process necessary to draw the person within the power of the court. This was had upon Birdie Taubman in the suit instituted by her husband on December 18, 1915. Service was not had upon Edwin M. Taubman in the suit instituted by his wife until December 20, 1915. The circuit court of Lafayette county was as a consequence of this prior service, clothed with complete and exclusive jurisdiction. Thus panoplied, no court was authorized by extraordinary writ to interfere with the exercise of its powers. There is never room for prohibition in the presence of complete jurisdiction. The circuit court of Lafayette county should therefore have been permitted to hear and determine the suit instituted therein by Edwin M. Taubman, and the action of the Court of Appeals, in attempting to deprive it of this power, was without warrant."
The question for decision in the case at bar is whether or not sufficient facts appear in the record to justify the trial court's finding that it was without jurisdiction for the reason that the Circuit Court of the City of St. Louis had in a prior suit assumed full jurisdiction of the case. Respondent, being the movant, had the burden of showing facts which would support such a finding; and, while it is true, as contended by respondent, that on appeal there is a presumption that the decision of the lower court was correct, which presumption casts upon the appellant the burden of showing error, that burden is met by showing that the facts do not support the judgment.
The transcript shows that the only evidence before the trial judge at the time he considered the respondent's motion was a copy of an amended petition filed in the circuit court action. From that petition it appears that a suit was brought in the Circuit Court of the City of St. Louis by Wilbur G. Haefner and Neva Haefner against Joseph F. Koehr and Amelia Gaebler on the cause of action stated in the claim filed in the Probate Court. It does not appear when the suit was filed, nor does it appear that a writ of summons was ever issued or served in said cause. These facts *17 were necessary to be shown before the court was justified in sustaining respondent's motion. A suit is not pending unless and until process is issued on the petition filed. Julian v. Commercial Assur. Co., 220 Mo.App. 115, 279 S.W. 740. And a court does not assume full jurisdiction of a cause until service of process is obtained. State ex rel. Davis v. Ellison, 276 Mo. 642, 208 S.W. 439. It does not appear that the cause of action was ever revived against Mrs. Gaebler's personal representative. Absent such revival, the Circuit Court of the City of St. Louis did not have jurisdiction to grant the relief sought in the Probate Court. The Circuit Court did not have a necessary party before it. In our opinion, the trial court erred in holding that it did not have jurisdiction on the ground that the Circuit Court of the City of St. Louis had the exclusive right to dispose of the controversy.
There is no merit to the contention that the Probate Court did not have jurisdiction because the relief sought was only cognizable in a court of equity. The action stated in appellants' claim was one at law for money had and received. Schaper v. Smith, Mo.App., 56 S.W.2d 820; Doerner v. St. Louis Crematory & Mausoleum Co., Mo.App., 80 S.W.2d 721; Mt. Olive & St. Louis Coal Co. v. Slevin's Estate, 56 Mo.App. 107; 4 Am.Jur., Assumpsit, sec. 20, p. 508. Where one obtains money of another by compulsion, extortion, oppression or fraud, an action for money had and received will lie to recover it. 4 Am. Jur., Assumpsit, sec. 23, p. 513. The action will also lie to recover money paid under the influence of a mistake of fact. 4 Am. Jur., Assumpsit, sec. 24, p. 514; or where there is no consideration for the payment, 4 Am.Jur., Assumpsit, sec. 27, p. 517.
On the facts presented, the trial court erred in sustaining the motion to dismiss. The judgment is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.
BENNICK, P. J., and HOLMAN, J., concur.