**STATE of Missouri ex rel. Minerva TAYLOR and Greta Louise Randall, Relators,**

v.

**Honorable Lewis W. CLYMER, Judge Juvenile and Domestic Relations Division "B", Sixteenth Judicial Circuit, and Bruce R. Watkins, Clerk Sixteenth Judicial Circuit, Respondents.**

**No. KCD 26646.**

Missouri Court of Appeals, Kansas City District.

Dec. 3, 1973.

Dennis D. Palmer, Michael Thompson, James L. Muller, The Legal Aid and De-

**54**

fender Society of Greater Kansas City, Inc., Kansas City, for relators.

Harold L. Fridkin, County Counselor, W. Dudley Leonard, Associate Counselor, Independence, for respondents.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM, and SOMERVILLE, JJ.

DIXON, Chief Judge.

By mandamus, relators seek a writ commanding respondent circuit court judge to issue an order to respondent circuit clerk directing the clerk to pay the cost of publication of notice necessary to effect service upon admittedly non-resident spouses, or, in the alternative, ordering the posting of notice to the spouses as appropriate service. We issued our alternative writ and from the petition, return, suggestions, and exhibits thereto, the facts and occurrences appear undisputed.

Relators have each instituted an action for divorce. In each case relators presented their petitions to the trial judge along with applications for an order of the court permitting them to prosecute their actions as poor persons. Relators' divorce petitions allege that they do not know the whereabouts of their respective husbands, defendants in said petitions, and further that the defendants be served by publication as authorized by Section 506.160 RSMo 1969, V.A.M.S.

Respondent judge determined that relators were in fact unable to pay court costs and, entered an order pursuant to § 514.-040, RSMo 1969, V.A.M.S., that the plaintiffs could proceed as "poor persons" under that statute.

Respondent clerk refused issuance of an order of publication upon the defendants in relators' divorce actions. Subsequent to this refusal, relators each filed with respondent judge a Motion for Payment of Publication Costs or for Posting in Lieu of Publication. These motions alleged relators' inability to pay the $35 cost of publication and sought an order directing the State of Missouri to pay said costs, or in the alternative, an order directing service of process by registered mail at defendants' last known address and by the posting of appropriate notice.

Respondent judge entered orders denying said motions, observing that although the holding in Boddie v. Connecticut,[1] 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), would seem to require sustaining relators' motions, "[i]t is uncertain from where the funds would come to implement a program of paying for the publication costs of indigent litigants." Citing the "wide spread ramifications" that would result if said motions were sustained, respondent judge stated that he "felt that the decision to require *the State* to pay publication costs should come from higher authority." As a result of this decision denying said motions relators were prevented from litigating their claims for divorce.

The central issue before this court involves the right of the indigent relators to the issuance of an order of publication necessary to obtain service on their respective husbands. The relief sought against the judge requests his order directing the clerk to issue an order of publication and to provide for its publication. The first determination that must be made is whether the order of publication should issue. The question of payment for the publication is a separate issue.

Respondents argue that the relators must pay the cost of the publication *prior* to the issuance of the order of publication relying

---

1. Justice Harlan, speaking for the majority, stated that ". . . a State may not, consistent with the obligations imposed on it by the Due Process Clause of the Fourteenth Amendment, pre-empt the right to dissolve this legal relationship [of marriage] without affording all citizens access to the means it has prescribed for doing so."

on Sec. 493.010 RSMo 1969, V.A.M.S., which provides:

"When any notice or advertisement relating to any cause, matter or thing in any court of record shall be required by law or the order of any court to be published, the same, *when duly published,* shall be paid for by the party at whose instance it was published, which payment, or so much thereof as shall be deemed reasonable, may be taxed as other costs, or otherwise allowed by the proper courts, in the course of the proceedings to which such advertisement relates."

Upon this language and its plain unequivocal meaning, we conclude that the plaintiffs have a clear legal right to the issuance and publication of the order of publication necessary to effect service upon their absent spouses.

There can be no question but that in the ordinary case the party requesting service by publication is obligated to pay for such publication. The statute *does not* require payment prior to publication. In fact, it expressly makes payment contingent upon publication. We have been unable to find any authority for the clerk to withhold publication until payment has been made. No rule of the 16th Circuit requires any deposit except the $45.00 filing fee required by Rule 2(1) and (2), Rules of the 16th Judicial Circuit of Missouri as amended and adopted July 15, 1973. Subsection (4) of that same rule expressly provides that the deposits under (1) and (2) are waived when an order is made permitting the plaintiff to proceed as a poor person.

There may be some custom or usage that the Clerk requires a deposit upon issuance of an order of publication. There may be other Circuits which have rules requiring such a deposit and we do not in this opinion reach or decide the validity of such customs or rules in the ordinary case.

■ The question that is really posed is whether the payment of publication costs is required when plaintiffs have been permitted to proceed as "poor persons".

Section 514.040 RSMo 1969, V.A.M.S., provides:

"If any court shall, before or after the commencement of any suit pending before it, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and pay the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person, and *thereupon such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge*; and the court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in such suit without fee or reward; but if judgment is entered for the plaintiff, costs shall be recovered, which shall be collected for the use of the officers of the court."

The cost of publication is not specifically mentioned in this statute. However, the statute states the "poor person shall have all necessary process and proceedings . . . without fees, tax or charge." Although this phrase is very general in meaning, Missouri law requires that the words and phrases of a statute should be "taken in their plain or ordinary and usual sense." Section 1.090 RSMo 1969, V.A.M.S. To decide the issue before this court, we construe Section 514.040 according to the applicable rules of statutory construction. We may consider the policy, purpose and language in the totality of the statute and "construe it in light of 'what is below the surface of the words and yet fairly a part of them.'" State ex rel. inf. Kamp v. Pretended Consolidated School Dist. No. 1 of Montgomery County, 359 Mo. 639, 645, 223 S.W.2d 484, 488 (Mo. banc 1949).

■ Recognition of the right of an individual to sue as a poor person began while our State was yet a territory. Act Jan. 2, 1815, 1 Terr.Laws of Missouri (Ed.1842) c. 121, p. 340. An *in forma pauperis* statute

was one of this State's first enacted laws after admittance to the Union. 1 Terr. Laws of Missouri, supra, c. 363, p. 843. The Bill of Rights to our first state constitution, the language of which today remains unchanged in Article 1, Section 14 of the Missouri Constitution (1945), V.A. M.S., is a recognition by our organic law of the principle that access to the courts must not depend on ability to pay fees and costs.

The legislature, obedient to this mandate, provided indigents access to our courts even though unable to pay the costs of litigation because of their poverty by the enactment of what is now Section 514.040. The courts in the construction of the statute that was the predecessor to Section 514.040 enunciated the basic nature of the right expressed in this statute.

"[t]he provision of our law, opening our courts to all, regardless of any pecuniary qualifications—to the poor man as well as to the man of substance—is at the very foundation of *the right of access to the courts,* and is firmly set into the very foundation of our government, and extends over all legislation regulating the due administration of justice." (Emphasis added.) State ex rel. LaRue v. Hitchcock, 171 Mo.App. 109, 125–126, 153 S.W. 546, 552 (1913).

Is service by publication a "necessary process" within the meaning of Section 514.040? If the order of publication is to be characterized as such, then it must be furnished without cost. Our Supreme Court, in upholding as constitutional an early statute on publication costs, found it necessary to determine if an order of publication was "required by law to be published." The court held such an order was required by law because, in the language of the court:

"An order of publication is a notice necessary in the proper administration of justice. It is an official act, which the clerk performs in carrying out the order of the court when he inserts the order of publication in a newspaper. It is as necessary in the administration of justice, as the act of a sheriff in serving a summons." State ex rel. Sekyra v. Schmoll, 313 Mo. 693, 708, 282 S.W. 702, 706.

Respondents contend that relators have received complete access to the court because they have been allowed to file their actions as poor persons and without the requirement of a filing fee. They argue that since relators have been permitted to prosecute their actions in forma pauperis the State is not further obligated to expand relators' rights by affording them service of process by publication without cost. We do not agree.

Service accomplishes the fact of jurisdiction and not the filing. To say that these plaintiffs have been afforded access by *filing* would fly in the face of holdings that conclude they are not *in court* until service is accomplished. State ex rel. Davis and Ellison, 276 Mo. 642, 208 S.W. 439 (Mo. banc 1918).

■ The order of publication is a notice "necessary in the proper administration of justice." State ex rel. Sekyra v. Schmoll, 313 Mo. at 708, 282 S.W. at 706 (Mo. banc 1926). Service of process by publication is "necessary process" without which relators cannot prosecute their actions. By so *holding, we are in complete agreement* with the principle that "when a right exists, all the means essential and necessary to the enforcement of that right are implied." State ex rel. Martin v. Wofford, 121 Mo. 61, 73, 25 S.W. 851, 854 (Mo. 1894). Therefore, as a necessary process for the administration of justice, the order of publication should be issued without cost to relators under the mandate of our statutes and the policy of this State to provide indigents free access to our courts, thus our writ should be made absolute so as to require the issuance of the order of publication by the circuit clerk without payment of cost prior to or subsequent to such publication.

Respondents argue that there exists no authority for the Clerk to be reimbursed if we order such publication without cost to the plaintiffs. We hold that such an expenditure is within the plain meaning of Section 476.270 RSMo 1969, V.A.M.S., which provides for the payment of expenditures accruing in the circuit courts to be paid from the treasury of the county. When such expenditures have been made and certified for payment by the circuit court the plain duty exists for the county to pay the expense. State ex rel. Hensick v. Smith, 5 Mo.App. 427 (1878); State ex rel. Weinstein v. St. Louis County, 451 S.W.2d 99 (Mo. banc 1970). It is as basic to the functioning of a court that in a proper case it can accomplish service by publication, as by appointment of a special elisor or payment of fees to a sheriff for effecting personal service.

Relators urge that Boddie, supra, requires by constitutional mandate the payment of these costs. Missouri's statutes have made it unnecessary to base this holding on a claim of constitutional right. Alternatively, relators urge and respondents acquiesce in a position that Boddie requires publication by posting of notice, and they jointly urge we adopt the prayer for such alternative relief and order such posting of notice as appropriate service in this case. We do not read Boddie as requiring such a form of service, but rather as indicating that such a form of service is constitutionally permitted. The request for such a form of service must be addressed to the court with rule making power, and we perceive no basis for such action on our part.

Our alternative writ of mandamus is made peremptory directing the Circuit Clerk to issue an order of publication and publish the same and directing the Circuit Judge to certify the costs of said publication for payment by the county.

All concur.